

One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

**Louis P. Feuchtbaum**
lfeuchtbaum@sideman.com
(415) 733-3905

February 21, 2017

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *Yesh Music, LLC v. Sephora USA, Inc.*, 1:16-cv-4913
> Response to Plaintiff's Pre-Motion Letter Regarding
> Leave to File Fourth Amended Complaint

Dear Judge Reyes:

I am writing on behalf of Sephora USA, Inc. ("Sephora") to request that Plaintiff Yesh Music, LLC's ("Yesh" or "Plaintiff") letter request for leave to file a Fourth Amended Complaint [ECF #29] be denied.[1] Plaintiff is seeking to amend its Complaint in order to avoid having the Court decide Sephora's Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"), which Sephora served upon Plaintiff a week ago.[2] *See* ECF #28 (transmittal letter for service of Sephora's Motion). However, Plaintiff's latest amended complaint still contains many of the same defects that Sephora's Motion describes. Disturbingly, Plaintiff's request also includes several falsehoods. Plaintiff has now presented Sephora and the Court with five different versions of a complaint, all in the time before Sephora was ever required to answer. This type of practice should not be condoned by allowing Plaintiff to perpetuate it with further amendments.

Any requests by Plaintiff to further amend its Complaint should be denied because its frequent and repeated amendments have become an abuse of process.[3] Plaintiff has been aware

---

[1] Plaintiff misaddressed its letter to Judge Amon. According to this Court's Motion and Individual Practice Rule III.A, unless otherwise directed, motions to amend the pleadings are to be filed with this Court, rather than the assigned District Judge.

[2] In accordance with a briefing schedule that the parties jointly submitted to the Court, Sephora served Plaintiff with its Motion to Dismiss on February 13, 2017. [ECF #27] Plaintiff's Opposition to the Motion is due by February 27, 2017. Judge Amon has already set a hearing for April 12, 2017.

[3] It seems that whatever Plaintiff's reason for filing so many versions of its Complaint in such quick succession, Plaintiff also intended to use these repeated pleadings to harass Sephora. (footnote continued)

The Honorable Ramon E. Reyes, Jr.
February 21, 2017
Page 2

of the issues to be raised in Sephora's Motion for months.  In addition to Sephora's December 21, 2016 letter, which described the contemplated Rule 12 Motion [ECF #19], Judge Amon held a conference with the parties on January 27, 2017, during which Sephora discussed its reasons for bringing the Motion, and the legal grounds supporting it.  Plaintiff's counsel argued that he had legal authority to defeat much of Sephora's Motion.  After that conference, Sephora's counsel repeatedly inquired about any authority Plaintiff's counsel had that would show Sephora's motion was unmerited.  The parties also filed joint status reports regarding Sephora's Motion, and a briefing schedule on that Motion [ECF #26 and 27].  Despite those many communications and filings, Plaintiff never informed Sephora, nor the Court, that Plaintiff would amend the TAC, rather than force Sephora to file a Motion to Dismiss.  Instead, Plaintiff waited until after Sephora drafted a lengthy motion, at significant expense, before seeking leave to amend.[4]

Leaving aside for the moment whether Plaintiff's proposed Fourth Amended Complaint establishes personal jurisdiction and venue in the Eastern District of New York, it still fails to correct three other defects that Sephora's Motion identifies.  The Motion seeks to dismiss the TAC due to Yesh's failure to name Signature Tracks and Jonathan Sandler as necessary and indispensable parties.  The proposed Fourth Amended Complaint does not name them.  Sephora's Motion seeks to transfer the action to the Northern or Central District of California for the convenience of the parties and in the interests of justice, pursuant to 28 U.S.C. § 1404(a).  Yesh's revised complaint does not concede to this.  Finally, Sephora's Motion identifies several paragraphs of the TAC that contain irrelevant and inflammatory accusations that should be stricken.  The proposed Fourth Amended Complaint includes all of those inappropriate statements, verbatim.[5]  Allowing Plaintiff leave to file its proposed Fourth Amended Complaint

---

Plaintiff had filed a request for leave to file a Third Amended Complaint without first checking to see if Sephora would consent.  After being served with Plaintiff's filing, requesting the Court grant it leave to file the TAC , Sephora requested Plaintiff's consent to extend the deadline for Sephora's response to the Second Amended Complaint, until after the Third Amended Complaint was filed, so Sephora would not have to reply to outdated pleadings.  Plaintiff refused to consent. *See* ECF # 12, p. 2 (Sephora's letter response to Plaintiff's request for leave to file the TAC, describing that Sephora did not object, but that it needed to request an extension to file a response to the Complaint, since Plaintiff refused to grant one).

[4] Plaintiff's decision to amend was not the result of its recognizing the righteousness of Sephora's Motion.  In an email to Sephora on  February 14, 2017, the day after receiving a copy of the Motion, Plaintiff's counsel offered that Sephora could avoid the "unpleasantness" of dealing with the "complete fabrication[s]" and "bizarre" statements in Sephora's Motion to Dismiss by giving consent for Plaintiff to file a Fourth Amended Complaint.  Curiously, counsel would not allow Sephora to read the proposed amendment when considering whether to consent. ("I am asking you to consent to a further amendment, before I am forced to address the below [sic]. . . . If your question is -- can I have a copy of the amendment, [sic] answer is no.")

[5] Should the TAC survive Sephora's Motion to Dismiss, Sephora's motion then seeks to strike from the TAC the following paragraphs: 26 (now included in the draft Fourth Amended (footnote continued)

The Honorable Ramon E. Reyes, Jr.
February 21, 2017
Page 3

would not serve any useful purpose because Sephora's Motion raises issues that still must be addressed by the Court.

In its latest letter request to amend, Plaintiff attempts to excuse its many previous amendments to the original Complaint by asserting things that are demonstrably untrue. Plaintiff falsely claims that the First Amended Complaint was filed three days after the initial Complaint "in order to correct a party name." [ECF #29, p. 1] However, Plaintiff's First Amended Complaint includes many revisions that are wholly unrelated to a misnamed party.[6] Plaintiff also claims that the Second Amended Complaint [ECF #10] and the Third Amended Complaint [ECF #17] were filed as the result of Plaintiff having identified additional works that had been infringed. *Id.* However, those amendments go far beyond alleging that Sephora infringed upon additional works.[7][8]

Plaintiff is seeking to file a Fourth Amended Complaint to avoid the Court's consideration of Sephora's Motion to Dismiss, by rendering it moot. However, the numerous deficiencies remaining in the proposed Fourth Amended Complaint still require Sephora's Motion to be decided. Plaintiff's loose allegiance to accuracy in its statements to Court and counsel, and the unfair burden its fluid pleadings impose upon Sephora, and the Court, should bar it from filing any further amendments.

Respectfully submitted,

Louis P. Feuchtbaum

Copy to:
Richard Garbarini, Esq. (Via ECF and Email)

---

Complaint at ¶ 81); 55 (now at ¶ 110); 106 (now at ¶ 162); 107 (now at ¶ 163); 109 (now at ¶ 165); 110 (now at ¶ 167), and; 114 (now at ¶ 171).

[6] As examples, among others, the following paragraphs in the First Amended Complaint [ECF #7] contain substantive revisions to the original Complaint [ECF #1] that are wholly unrelated to correcting a party name: 18, 19, 21-25, 27, 35, 39, *et. seq.*

[7] As examples, the Second Amended Complaint includes the following paragraphs, among others, that contain substantive revisions to the First Amended Complaint, and are wholly unrelated to allegations that there are additional infringing works: 23, 41-47, 50-51, 53-56, 58-85, *et. seq.*

[8] As examples, the Third Amended Complaint includes the following paragraphs, among others, that contain substantive revisions to the Second Amended Complaint, and are wholly unrelated to allegations that there are additional infringing works: 21, 51, 52, 66, *et. seq.*