LOUIS P. FEUCHTBAUM (LF9637)
REBECCA K. FELSENTHAL (RF4600)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

Attorneys for Defendant
SEPHORA USA, INC.


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


YESH MUSIC, LLC,

               Plaintiff,

     v.

SEPHORA USA, INC.,

            Defendant.

Index No. 16-cv-4913 (CBA)(RER)

**DEFENDANT SEPHORA USA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ...................................................................................1

II.   FACTUAL BACKGROUND ......................................................................................3

    A.    Litigation History................................................................................................3

    B.    Allegations Regarding the Involved Entities, Venue, and Damages .....................3

    C.    Allegations Regarding Copyright Infringement ...................................................5

III.  THIS COURT LACKS PERSONAL JURISDICTION OVER SEPHORA .....................5

    A.    Standard of Review.............................................................................................6

    B.    This Court Does Not Have General Personal Jurisdiction Over Sephora ..............7

    C.    The Court Does Not Have Specific Personal Jurisdiction Over Sephora ...............8

        1.    The TAC does not establish personal jurisdiction under CPLR §§
             302(a)(1) or 302(a)(2):.............................................................................9

        2.    The TAC does not establish personal jurisdiction under CPLR §
             302(a)(3): ..............................................................................................10

IV.   VENUE IS IMPROPER IN THE EASTERN DISTRICT OF NEW YORK ...................11

    A.    Standard of Review...........................................................................................12

    B.    The Court Should Dismiss the Case For Improper Venue ...................................12

    C.    In the Alternative, the Court Should Transfer Venue to California for the
        Venue to California for the Convenience of the Parties and the Witnesses,
        and in the Interests of Justice ............................................................................13

        1.    The plaintiff's choice of forum:..............................................................14

        2.    Two key factors:  (1) The convenience of witnesses; and (2) the
             ability to compel witnesses' attendance at trial: ......................................14

        3.    Location of relevant documents and sources of proof:.............................15

        4.    The convenience to parties: ....................................................................16

        5.    The locus of operative facts:...................................................................16

V.      THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO
        NAME  INDISPENSABLE PARTIES.....................................................................17

        A.      Standard of Review...............................................................................17

        B.      Both Signature and Sandler are Necessary and Indispensable Parties .................18

VI.     THE TAC IMPROPERLY ALLEGES IMMATERIAL, IMPERTINENT, AND
        SCANDALOUS MATTERS ...........................................................................20

        A.      Standard of Review...............................................................................20

        B.      The Court Should Strike Plaintiff's Immaterial, Impertinent, and
                Scandalous Statements and Supporting Exhibits.....................................21

                1.      Paragraph 26: .........................................................................21

                2.      Paragraph 55: .........................................................................21

                3.      Paragraph 106: .......................................................................22

                4.      Paragraph 107: .......................................................................23

                5.      Paragraph 109: .......................................................................23

                6.      Paragraph 110: .......................................................................23

                7.      Paragraph 114: .......................................................................24

VII.    CONCLUSION.............................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines,*
   828 F. Supp. 2d 557 (E.D.N.Y. 2011) ...................................................................6

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,*
   326 F. Supp. 2d 525 (S.D.N.Y. 2004) ................................................................17

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ......................................6

*Assoc. Dry Goods Corp. v. Towers Fin. Corp.,*
   920 F.2d 1121 (2d Cir. 1990) .............................................................................17

*Bank of Am., N.A. v. Hensley Props., LP,*
   495 F. Supp. 2d 435 (S.D.N.Y. 2007) ................................................................16

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
   171 F.3d 779 (2d Cir. 1999) .................................................................................6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................................24

*Brady v. Basic Research, L.L.C.,*
   101 F. Supp. 3d 217, (E.D.N.Y. 2015) ...............................................................20

*Brown v. Lockheed Martin Corp.,*
   814 F.3d 619 (2d Cir. 2016) .................................................................................7

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ........................................7

*Cabble v. Rollieson,*
   No. 04–CV–9413, 2006 WL 464078 (S.D.N.Y. Feb. 27, 2006) ...................20, 21

*Cain v. New York State Bd. of Elections,*
   630 F. Supp. 221 (E.D.N.Y. 1986) .....................................................................14

*Cali v. East Coast Aviation Servs., Ltd.,*
   178 F. Supp. 2d 276 (E.D.N.Y. 2001) ................................................................16

*City of N.Y. v. Milhelm Attea & Bros., Inc.,*
   550 F. Supp. 2d 332 (E.D.N.Y. 2008) ................................................................17

*Cold Spring Harbor Lab. v. Ropes & Gray LLP*,
    762 F. Supp. 2d 543 (E.D.N.Y. 2011) ........................................................12

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014)..........................................................................7, 8

*Elliott & Hatch Book-Typewriter Co. v. Fisher Typewriter Co.*,
    109 F. 330 (S.D.N.Y. 1901)..................................................................22

*Frasca v. Yaw*,
    787 F. Supp. 327 (E.D.N.Y. 1992) ........................................................14

*Greenwood Partners v. New Frontier Media Inc.*,
    No. 99 CIV. 9099 WK, 2000 WL 278086 (S.D.N.Y. Mar. 14, 2000)....................16

*Gulf Ins. Co. v. Glasbrenner*,
    417 F.3d 353 (2d Cir. 2005)..................................................................12

*High Falls Brewing Co., LLC v. Boston Beer Corp.*,
    852 F. Supp. 2d 306 (W.D.N.Y. 2011).....................................................22

*Holland v. Fahnestock & Co., Inc.*,
    210 F.R.D. 487 (S.D.N.Y. 2002) ...........................................................17

*HomeoPet LLC v. Speed Lab., Inc.*,
    No. 14-CV-663 JFB AKT, 2014 WL 2600136 (E.D.N.Y. June 11, 2014) ...........16

*Jazini v. Nissan Motor Co. Ltd.*,
    148 F.3d 181 (2d Cir. 1998)..................................................................6

*Kent v. AVCO Corp.*,
    815 F. Supp. 67 (D. Conn. 1992)............................................................24

*Licci v. Lebanese Canadian Bank*,
    673 F.3d 50 (2d Cir. 2012)....................................................................9

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013)..................................................................7

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
    402 F. Supp. 2d 434 (S.D.N.Y. 2005)......................................................20

*Metrokane, Inc. v. The Wine Enthusiast*,
    160 F. Supp. 2d 633 (S.D.N.Y. 2001)......................................................22

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
    425 F. Supp. 2d 325 (E.D.N.Y. 2006) .....................................................14

*Paterno v. Laser Spine Inst.*,
　　24 N.Y.3d 370 (2014) ...........................................................................................11

*Penguin Group (USA), Inc. v. American Buddha*,
　　16 N.Y.3d 295 (2011) ...........................................................................................11

*Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*,
　　657 F. Supp. 136 (E.D.N.Y. 1987) .......................................................................24

*Sebrow v. Zucker, Goldberg & Ackerman, LLC*,
　　No. 10-CV-4767 NGG RLM, 2012 WL 911552 (E.D.N.Y. Mar. 16, 2012) ........16

*Seneca Nation of Indians v. New York*,
　　383 F.3d 45 (2d Cir. 2004) ...................................................................................18

*Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
　　450 F.3d 100 (2d Cir. 2006) .................................................................................10

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
　　750 F.3d 221 (2d Cir. 2014) ...................................................................................7

*In re Stillwater Mining Co. Sec. Litig.*,
　　No. 02–CV–2806, 2003 WL 21087953 (S.D.N.Y. May 12, 2003) .......................16

*Troma Entertainment, Inc. v. Centennial Pictures Inc.*,
　　729 F.3d 215 (2d Cir. 2013) ...........................................................................10, 11

*Verragio, Ltd. v. Malakan Diamond Co.*,
　　No. 16 CIV. 4634 (CM), 2016 WL 6561384 (S.D.N.Y. Oct. 20, 2016) ...............11

*Yoder v. Orthomolecular Nutrition Inst., Inc.*,
　　751 F.2d 555 (2d Cir. 1985) .................................................................................19

*Zaltz v. JDATE*,
　　952 F. Supp. 2d 439 (E.D.N.Y. 2013) .............................................................14, 15

**Statutes**

28 U.S.C. § 1391(b) .............................................................................................12, 13

28 U.S.C. § 1391(c) .............................................................................................12, 13

28 U.S.C. § 1400(a) .............................................................................................12, 13

28 U.S.C. § 1404(a) .............................................................................................12, 13

28 U.S.C. § 1406(a) .............................................................................................11, 12

Cal. Bus. & Prof. Code § 17200 ...............................................................................16

**Other Authorities**

CPLR § 301 ...................................................................................................................7

CPLR § 302 ....................................................................................................... *passim*

Fed. R. Civ. P. 12(b)(2) ............................................................................................2, 6, 12

Fed. R. Civ. P. 12(b)(3) ......................................................................................2, 11, 12, 13

Fed. R. Civ. P. 12(b)(7) ...........................................................................................3, 17

Fed. R. Civ. P. 12(f) ...............................................................................................3, 20

Fed. R. Civ. P. 19(a) ...................................................................................................18

Fed. R. Civ. P. 19(b) ...................................................................................................18

Fed. R. Civ. P. 45(c) ...................................................................................................14

Fed. R. Evid. 404(a)(1) ...............................................................................................21

Fed. R. Evid. 408 .......................................................................................................23

Rule 19 .............................................................................................................17, 18, 19

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant SEPHORA USA, INC. ("Sephora") hereby submits this Memorandum of Points and Authorities in support of its motion to dismiss or strike portions of Plaintiff YESH MUSIC, LLC's ("Yesh" or "Plaintiff") Third Amended Complaint ("TAC"), pursuant to Federal Rules of Civil Procedure ("Rule(s)") 12(b)(2), 12(b)(3), 12(b)(7), and/or 12(f).

## I.    PRELIMINARY STATEMENT

Evolving with uncommon speed, Plaintiff's complaint was revised *four* times before Sephora was ever required to file a response.  Further adding to this unusual pleading practice, Plaintiff was informed by a non-party, Signature Tracks ("Signature"), that Signature and another non-party, Jonathan Sandler ("Sandler"), obtained licenses for the works that are at issue in this action ("Works"), and produced the videos that purportedly infringed upon those Works.  With an admirable commitment that resists dissuasion by these inconvenient facts, Plaintiff has chosen to continue pursuing this lawsuit.

On September 22, 2016, Plaintiff's counsel left a voicemail for Sephora's counsel, reporting that Yesh would be dismissing this lawsuit because counsel had learned that Signature had a license for Sephora's use of the Works.  However, the contemplated dismissal did not occur.[1]  Instead, Plaintiff filed an additional two amendments to the Complaint, to plead around facts that otherwise suggested an absence of grounds by which the lawsuit could proceed.  This has resulted in a pleading that contains contradictory allegations, and unsupported denouncements of the integrity and character of Defendant and of the non-parties.  For all the breadth of these unusual contradictions and condemnations, Plaintiff's TAC offers sparse allegations to support the existence of personal jurisdiction over Sephora, or venue in this

---

[1] After several days, Plaintiff's counsel reneged on that promise to dismiss, claiming that he first needed a copy of the license.  About a week later, after being presented with an invoice showing money was paid for use of the Works, Plaintiff sent Sephora an email, stating that it would be dismissing the action within "the next hour."  Yet again, instead of filing the dismissal, Plaintiff changed course, suddenly claiming that the invoice was a fraud, and amending its complaint to accuse Sephora of presenting a fraudulent invoice.

judicial district.

Plaintiff's Third Amended Complaint, the presently operative pleading, describes that Signature admitted to Plaintiff that Signature had obtained a license for Sandler to use Plaintiff's Works in videos being produced for Sephora.  TAC, ¶ 68.  *See also* TAC Ex. 13, Dkt. 17-2 (email in which Plaintiff's counsel admits that he was informed by his client that Signature admitted that it obtained a license for Sephora).  Plaintiff's TAC also describes that Sephora provided Plaintiff with an invoice that Signature issued to Sandler, purporting to reflect the purchase of a license for the Works.  TAC, ¶ 47.  Rather than dealing with these contrary facts by naming Signature and Sandler as parties, or perhaps by realizing that there are not adequate grounds for this lawsuit to proceed, Plaintiff attempts to plead around them by asserting several unsupportable conclusions.  First, Plaintiff claims that the invoice reflecting payment for the license is a fraud, but offers no coherent facts to support that accusation.  TAC, ¶ 74.  Then, Plaintiff claims that Signature's admission, that it and Sandler were responsible for licensing the Works and producing the videos that used the Works, is untrue.  TAC, ¶ 97.  It is difficult to imagine any rational reason that a non-party would falsely admit to conduct that is certain to place it at the center of a lawsuit in which it would not be otherwise involved.[2]

What Plaintiff's TAC does not include are factual allegations that support personal jurisdiction over Sephora in the Eastern District of New York, or venue there.  The TAC does not assert any facts that would establish how a non-party, who has voluntarily admitted to conduct that would make it liable for the alleged copyright infringement, if any infringement did occur, is not a party that is necessary for the court to afford complete relief in this action.  Further, Plaintiff uses the TAC to make several unfortunate accusations of misconduct and hyperbolic assertions, which are inappropriate under the Rules.

Sephora respectfully requests that the Court dismiss the TAC pursuant to Federal Rules

---

[2] In fairness, perhaps Plaintiff intends its assertion "that Signature and its three owners are of low character" to provide a factual basis for claiming that Signature's admission is false.  *See* TAC, ¶ 88.

of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. The TAC should also be dismissed pursuant to Rule 12(b)(7) for its failure to name indispensable parties. In the alternative, should this Court not dismiss the TAC, Sephora requests that this action be transferred to the Central or Northern District of California where personal jurisdiction exists, and venue is appropriate. If this Court does retain jurisdiction, Sephora then respectfully requests that it strike Paragraphs 26, 55, 106-107, 109-110, and 114 of the TAC, pursuant to Federal Rule of Civil Procedure 12(f).

## II.   FACTUAL BACKGROUND

A description of the allegations in the TAC that are material to this motion is provided below.

### A.   Litigation History

On September 2, 2016, Plaintiff filed its original Complaint against Sephora. Dkt. 1. Three days later, on September 5, 2016, Plaintiff filed its First Amended Complaint. Dkt. 7. Then, one month later, on October 4, 2016, before Sephora's response to the First Amended Complaint was due, Plaintiff filed a Second Amended Complaint. Dkt. 10. Most recently, after obtaining leave from the Court, Plaintiff filed a Third Amended Complaint on November 29, 2016. Dkt. 17.[3] Sephora has not yet responded to any of Plaintiff's Complaints, as no response has yet been required, nor has Sephora submitted to the personal jurisdiction of this Court.

### B.   Allegations Regarding the Involved Entities, Venue, and Damages

According to the TAC, Plaintiff is "in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings of the band *The American Dollar.*" TAC, ¶ 1. Plaintiff is organized under the laws of the State of New York, and is headquartered in Flushing, New York. *Id.*

---

[3] Sephora's response to the Second Amended Complaint did not become due during this period because Magistrate Judge Ramon Reyes Jr. issued an order on October 14, 2016, holding in abeyance any deadline for Sephora's response until after the Court convened a telephone conference regarding Plaintiff's request for leave to file the TAC. (This order was issued via ECF and does not have an associated docket number.)

Plaintiff alleges that Sephora is incorporated in Delaware, maintains its headquarters in San Francisco, California, and operates perfume and cosmetics stores across the United States, an apparently small percentage of which are located within this judicial district. TAC, ¶¶ 3-4, 14. Plaintiff claims that Sephora "produced at least six advertisements/tutorials which were used for the purpose of in-store displays and over the Internet via Sephora TV, YouTube, and other Internet sites which synchronized plaintiff's copyrighted musical compositions *Signaling Through the Flame*, *Escapist*, *Call*, *Age of Wonder*, and *DEA*." TAC, ¶ 19. Plaintiff identifies these advertisements as the "Subject Advertisements," and claims that at least some of them were used by Sephora to launch the "Kat Von D" line of products. TAC, ¶¶ 23, 24.

Plaintiff admits that it was informed by Signature's founder, Adam Malka, that Signature issued a license to Sandler for the use in Sephora videos of the musical compositions *Signaling Through the Flame*, *Escapist*, *Call*, *Age of Wonder*, and *DEA*, and that Sandler has worked on a large number of Kat Von D tutorials. TAC, ¶¶ 68, 98. However, Plaintiff claims to somehow know that neither Signature nor Sandler were involved in the production of the Subject Advertisements. TAC, ¶ 97.

According to Plaintiff, Sandler is based in Santa Monica, California. TAC, Ex. 5-6; Dkt. 17-2. Plaintiff further acknowledges that it engaged in licensing negotiations with Signature prior to Sephora's use of the disputed musical compositions. TAC, ¶¶ 63-67, 75-81. Plaintiff avers that Signature is headquartered in Santa Monica, California. TAC, Ex. 5, 15; Dkt. 17-2.

Plaintiff makes a conclusory assertion that venue is proper in the Eastern District of New York because "a substantial part of the facts of infringement complained of herein occurs or had occurred in this District, and defendants are subject to personal jurisdiction in this district." TAC, ¶ 6. However, Plaintiff does not offer any factual allegations that are sufficient to support that conclusion. To the contrary, all allegations in the TAC suggest that the conduct at issue would have occurred in Southern California where Signature and Sandler are located, or in San Francisco, where Sephora is headquartered.

C.    **Allegations Regarding Copyright Infringement**

Plaintiff alleges that it is the owner of copyright registrations for the five musical compositions *Signaling Through the Flames*, *DEA*, *Call*, *Age of Wonder*, and *Escapist*, and that it has been issued copyright registration certificates for those compositions.  TAC, ¶ 12.  Plaintiff attached documents to the TAC that it claims are copyright registrations for each of these five works.[4]  These registrations are summarized in the table below, according to the order in which they appear in Exhibit 1:

| Registration No. | Title | Effective Date of Registration ("EDR") | Date of Publication (if applicable) |
|---|---|---|---|
| SR 708-500 | *Signaling Through The Flames* | 10/5/2012 | 8/17/2006 |
| SR 713-226 | *DEA* | 10/5/2012 | 8/17/2006 |
| SR 713-281 | *Call* | 10/5/2012 | 4/25/2008 |
| SR 713-231 | *Age of Wonder* | 10/5/2012 | 1/1/2010 |
| SR 713-278 | *Escapist* | 10/5/2012 | 1/1/2010 |

Plaintiff alleges that Sephora infringed upon Yesh's copyrighted works because "without a synchronization, or any other, license synchronized plaintiff's copyrighted recordings *Signaling Through the Flames*, *Age of Wonder*, *Escapist*, *Call*, and *DEA* to six separate videos." TAC, ¶ 112.

III.    **THIS COURT LACKS PERSONAL JURISDICTION OVER SEPHORA**

Plaintiff claims that Sephora is subject to the personal jurisdiction of this Court for several reasons that are either unsupported conclusions, which are controverted by the factual allegations in the TAC, or by asserting things that are not legally sufficient to establish personal jurisdiction.  Plaintiff claims that personal jurisdiction in the Eastern District of New York is proper because: (1) "On information and belief, a substantial part of the facts of infringement complained of herein occurs or has occurred in this District, and defendants are subject to personal jurisdiction in this district[,]" TAC, ¶ 6; (2) Sephora allegedly maintains stores and conducts

---

[4] Plaintiff claims that it included "a copy of the certificate issued by the U.S. Copyright Office" in Exhibits 1 and 2 of the TAC.  TAC, ¶12.  Exhibits 1 and 2 to the TAC appear to be incomplete copies of Plaintiff's purported copyright registrations.  Dkt. 17-1, pp. 2-6.

business in the Southern and Eastern Districts of New York, TAC, ¶ 7; (3) Sephora conducts "continuous and systematic business activities within New York," establishing personal jurisdiction pursuant to CPLR § 302, TAC, ¶ 8, and; (4) because "other wrongful conduct alleged [in the Third Amended Complaint] occurred, in part, in the State of New York." TAC, ¶¶ 7-9.

Other than a general citation to CPLR § 302, which contains several alternate theories for how specific personal jurisdiction may be established in New York, Plaintiff does not provide any legal citation law to that would let us know precisely how it contends personal jurisdiction exists. Instead, Plaintiff leaves it for Sephora and the Court to guess at how general or specific personal jurisdiction may exist. Even doing that work for Plaintiff, the TAC does not allege facts sufficient to establish personal jurisdiction under any legal theory.

A.    **Standard of Review**

Federal Rule of Civil Procedure 12(b)(2) "permits a defendant to challenge a court's personal jurisdiction over it prior to the filing of an answer or the commencement of discovery." *A.W.L.I. Group, Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 562 (E.D.N.Y. 2011). "When responding to a Rule 12(b)(2) motion to dismiss . . . the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). The Court is not bound by conclusory statements, without supporting facts. *Jazini v. Nissan Motor Co. Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (courts considering a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth[;] [w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

To determine personal jurisdiction over individual defendants, a court first looks to the law of the state in which the district court sits. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). The exercise of personal jurisdiction over a defendant is informed and

limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with "traditional notions of fair play and substantial justice." *Id.* at 625, citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process. *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013). Thus, here the Court must look to New York's personal jurisdiction statutes to determine whether Plaintiff has demonstrated personal jurisdiction over Sephora. *See* N.Y. CPLR §§ 301, 302. If jurisdiction is found, then the Court must determine whether the exercise of such jurisdiction under New York law satisfies the federal due process requirements of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Int'l Shoe Co.*, 326 U.S. at 320).

### B. <u>This Court Does Not Have General Personal Jurisdiction Over Sephora</u>

CPLR § 301 provides that a New York court "may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." New York courts have interpreted Section 301 to exercise jurisdiction over an out-of-state corporation that "has engaged in such a continuous and systematic course of 'doing business' in New York that a finding of its presence in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014).

However, the broad language of the CPLR was subsequently limited by the Supreme Court's holding in *Daimler AG v. Bauman*, 134 S. Ct. 746, 748–49 (2014). Post-*Daimler*, it is no longer enough for a non-domiciliary corporation to engage in any "continuous and systematic" activities within the forum state to establish general personal jurisdiction. Operating stores in a forum state is no longer a sufficient tie with the forum to confer general personal jurisdiction because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762, n. 20.

As a general matter, the "paradigm bases" for determining whether a corporation is at home in the forum state are "the place of incorporation and principal place of business." *Id.* at 760.  General personal jurisdiction may also arise in the *"exceptional case"* where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n. 19 (emphasis added).

Plaintiff's sole allegation supporting general personal jurisdiction over Sephora is that Sephora maintains stores in the Eastern District of New York, in neighboring judicial districts, and "systematically conducts business in this Judicial District." TAC, ¶ 7.  However, these contacts with New York State do not comport with *Daimler*, which explicitly requires there to be something more.  To the contrary, Plaintiff acknowledges that Sephora is neither incorporated in, nor has its principal place of business in New York. TAC, ¶ 3.  Plaintiff has made no showing that Sephora's handful of retail locations has rendered it "at home" in New York, nor that Sephora's contacts with New York are so substantial that Sephora would be among the "exceptional case[s]" that subject corporations to general personal jurisdiction outside of the place where they are incorporated or have their principal places of business.

## C.   The Court Does Not Have Specific Personal Jurisdiction Over Sephora

New York has codified the requirements for specific personal jurisdiction at CPLR § 302. As applied here, Section 302 can mandate that Sephora be compelled to submit to the personal jurisdiction of this Court only if Plaintiff's TAC asserts claims that are related to Sephora's:

> 1. transact[ion of] any business within [New York State] or contracts anywhere to supply goods or services in the state; or
> 2. [commission of] a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. [commission of] a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from

interstate or international commerce; or
4. own[ership], use[] or possess[ion of] any real property situated within
the state.

CPLR § 302(a)(1)-(4).  The TAC does not allege facts sufficient to establish grounds for this Court's specific personal jurisdiction over Sephora under any of these subparagraphs of CPLR § 302.

### 1.   The TAC does not establish personal jurisdiction under CPLR §§ 302(a)(1) or 302(a)(2):

To determine whether personal jurisdiction may be exercised over a particular defendant under Section 302(a)(1), "a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction." *Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 60 (2d Cir. 2012).  "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* at 66.

Plaintiff has made allegations relating to the first prong of this Section, specifically that Sephora maintains stores and conducts "continuous and systematic business activities within New York." TAC, ¶¶ 7, 9.  However, Plaintiff has not alleged any facts to satisfy the second prong of the 302(a)(1) analysis because it has not (and cannot) allege that there is any nexus between the cause of action and Sephora's business conduct in New York. *See, generally,* TAC (showing an absence of any allegation that Sephora's conduct within New York is related to any cause of action.)  Thus, personal jurisdiction cannot be established under CPLR § 302(a)(1).

In fact, rather, than make the required showing that the purported copyright infringement is at least somehow associated with Sephora's business activities in New York, Plaintiff's allegations suggest the opposite, that any of Sephora's conduct that could be potentially associated with any purported copyright infringement occurred 3,000 miles away from New York, in California.  TAC, ¶¶ 3, 19-20, 68, 112.

According to Plaintiff, Sephora produced advertisements that use the Works. TAC, ¶ 19. Plaintiff does not state specifically where this occurred. *Id.* Instead, Plaintiff's only allegations regarding the location of Sephora's business activities are that Sephora sells products across the country, including within New York, and that its business is run from San Francisco, California. TAC, ¶¶ 3, 4, 14. Plaintiff does not allege that these advertisements were made in New York because it cannot make that allegation in good faith. Instead, a fair reading of the TAC suggests that if Sephora did produce the advertisements that purportedly infringe upon the Works, it would have been done in San Francisco, from where Sephora runs its business.

Alternatively, if the subject videos were produced by Signature and Sandler, a contention that the TAC raises, but off-handedly rejects, TAC ¶¶ 47, 68, 74, 97, 98, all allegations in the TAC suggest that the videos would have been produced in California, where Signature and Sandler are located. TAC, Ex. 5-6, 15; Dkt. 17-2. Given that the tortious conduct alleged in the TAC did not occur in New York, Plaintiff cannot establish personal jurisdiction under CPLR § 302(a)(2).

### 2.   The TAC does not establish personal jurisdiction under CPLR § 302(a)(3):

To establish jurisdiction under § 302(a)(3), a plaintiff must show that: (1) the defendant committed a tortious act outside New York; (2) the claim arose from that tortious act; and (3) the act caused injury to a person or property within New York. *See Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 106 (2d Cir. 2006) (citing *LaMarca v. Pak–Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 713 N.Y.S.2d 304, 735 N.E.2d 883 (2000)). To establish personal jurisdiction, an intellectual property owner is "obligat[ed], in each case, to allege facts demonstrating a non-speculative and direct New York-based injury to its intellectual property rights . . ." *Troma Entertainment, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013).[5]

---

[5] In Sephora's duty of candor to the Court, it also brings to the Court's attention the New York Court of Appeals decision in *Penguin Group (USA), Inc. v. American Buddha*, 16 N.Y.3d 295 (2011). There, the Second Circuit Court of Appeals certified a question to the New York Court (footnote continued)

Plaintiff has not met Section 302(a)(3)'s injury requirement because this Section does not apply when the only alleged "injury" is that the plaintiff suffered economic harm in New York. *See Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 381 (2014) (in a medical malpractice case, the court determined that the site of an injury under CPLR 302(a)(3) is the location of the event that caused the injury, not where the party suffered the consequences of an injury). *See, also, Verragio, Ltd. v. Malakan Diamond Co.*, No. 16 CIV. 4634 (CM), 2016 WL 6561384, at *5 (S.D.N.Y. Oct. 20, 2016) (in an infringement action regarding counterfeiting engagement ring designs, the situs of injury was where the plaintiff lost business, not the jurisdiction where the copyright holder was located). Thus, Plaintiff cannot establish facts supporting specific personal jurisdiction over Sephora pursuant to CPLR § 302(a)(3), nor under any other subsection of CPLR § 302.

## IV.    **VENUE IS IMPROPER IN THE EASTERN DISTRICT OF NEW YORK**

Despite the fact that the events described in the TAC are alleged to have occurred in California, where Sephora and other key witnesses reside, Plaintiff has chosen to file in the Eastern District of New York. As described below, that venue is improper. Accordingly, Sephora requests that the TAC be dismissed for improper venue. *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). In the alternative, should the Court not dismiss the case for improper venue, then this action should be transferred to the Central or Northern Districts of California, either for improper venue, or for the convenience of the parties and in furtherance of the interests of justice.

---

of Appeals inquiring what the situs of injury under CPLR § 302(a)(3)(ii) is in an intellectual property case. *See Troma Entertainment*, 729 F.3d at 219 (describing *Penguin's* history). The New York Court narrowed its analysis to whether New York could exercise personal jurisdiction over a foreign corporation where the New York injury resulted solely from "the uploading of a *copyrighted printed literary work* onto the Internet[.]" *Penguin*, 16 N.Y.3d at 301-302 (emphasis added). The Court answered in the affirmative: the residence of the copyright holder could be sufficient to establish personal jurisdiction. *Penguin* does not apply to the instant case because its holding is limited to cases where "a copyrighted printed literary work" is uploaded onto the Internet. *Id.* Here, Plaintiff alleges that Sephora uploaded copyrighted music works in audio form as part of videos to be consumed live —not printed materials, nor literary works, to be downloaded.

**A.**     **Standard of Review**

Rule 12(b)(3) permits a district court to dismiss an action for being filed in an improper venue. Fed. R. Civ. P. 12(b)(3).  On a motion to dismiss for improper venue, the Court applies the same standard of review as for a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  The plaintiff bears the burden of establishing that venue is proper. *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011).

The decision of whether to dismiss an action for improper venue is committed to the Court's sound discretion. *See id.* (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).  As an alternative to dismissal, the court has the authority to transfer a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  In addition to dismissal or transfer for an action having been filed in an improper venue, the Court may also order a case transferred for the convenience of the parties, witnesses, or in the interests of justice.  28 U.S.C. § 1404(a).

Here the TAC should be dismissed pursuant to 28 U.S.C. § 1406(a) because it fails to establish that venue is proper.  However, even if venue were proper, this matter then should be transferred to the Northern or Central Districts of California in the interests of justice, or for the convenience of the witnesses and parties, pursuant to 28 U.S.C. § 1404(a).

**B.**     **The Court Should Dismiss the Case For Improper Venue**

Plaintiff incorrectly asserts that venue in the Eastern District may be had under 28 U.S.C. §§ 1391(b),(c) and 28 U.S.C. § 1400(a).  *See* TAC, ¶10.

Venue is improper under 28 U.S.C. § 1391(b)(1) because Sephora does not reside within this judicial district for the purposes of this statute.  Section 1391(b)(1) provides that venue is proper in a judicial district in which any defendant resides.  A corporate entity, like Sephora, is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(2).  As detailed in Sections III. b and c above, this Judicial District has neither general nor specific personal jurisdiction over

Sephora for the matters alleged in this lawsuit. Thus, because Plaintiff does not, and cannot, demonstrate that this Court has personal jurisdiction over Sephora, venue is not proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(1).

Contrary to Plaintiff's conclusory claim, venue is also improper under 28 U.S.C. § 1391(b)(2). *See* TAC, ¶10. Section 1391(b)(2) provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff has not made any specific allegations that Sephora committed the purportedly infringing acts within New York State, nor within this Judicial District. The events giving rise to Plaintiff's allegation of copyright infringement all appear to have occurred in California. Plaintiff alternatively alleges that Sephora produced the Subject Advertisements, TAC, ¶¶ 19-20, or that according to Signature, these were produced by Sandler with the assistance of Signature. TAC, ¶ 68. Thus, the Eastern District of New York is also not a judicial district in which any substantial part of the events giving rise to the claim occurred.

Finally, venue is not proper in this judicial district under 28 U.S.C. § 1400(a). Section 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." As described above, Plaintiff has not, and cannot, allege that Sephora resides in this Judicial District. Venue is therefore not proper in the Eastern District of New York under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), or 28 U.S.C. § 1400(a). The Court should dismiss this case under Rule 12(b)(3) for improper venue.

## C.   In the Alternative, the Court Should Transfer Venue to California for the Venue to California for the Convenience of the Parties and the Witnesses, and in the Interests of Justice

In the alternative, should this Court not dismiss this action for improper venue, the interests of justice should require its transfer to either the Northern or Central Districts of California where Sephora and all of the other involved entities reside. 28 U.S.C. § 1404(a). As described below, among other reasons compelling a transfer, the witnesses all reside in places that are beyond the power of this court to issue trial subpoenas. Thus, Plaintiff's choice of the

Eastern District of New York as the forum for this lawsuit would deprive Sephora of being able to call witnesses who are key to its defense at trial.  It defies ordinary concepts of justice and fair play for a plaintiff to impose a forum for its lawsuit upon a defendant when that handicaps a defendant's ability to present key witnesses at trial.

Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 458 (E.D.N.Y. 2013) (citing *Fteja v. Facebook, Inc.,* 841 F. Supp. 2d 829, 832 (S.D.N.Y. 2012)).  Addressing each of these factors individually, they overwhelmingly weigh in favor of transferring venue to the Central or Northern Districts of California:

1. The plaintiff's choice of forum:

Yesh is not entitled to deference for its choice of forum, given the allegations in the TAC. A plaintiff's choice of forum has reduced significance where the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum. *See, e.g., Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 333 (E.D.N.Y. 2006); *Frasca v. Yaw*, 787 F. Supp. 327, 332-33 (E.D.N.Y. 1992); *Cain v. New York State Bd. of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986).  As already detailed above, the events giving rise to Plaintiff's claim for copyright infringement occurred outside of this Judicial District, and have no significant connection to Plaintiff's chosen forum.

2. Two key factors:  (1) The convenience of witnesses; and (2) the ability to compel witnesses' attendance at trial:

Outside of Plaintiff, the key witnesses in this action all reside in California, beyond the geography where they would be subject to service of a trial subpoena issued by this Court. *See* Fed. R. Civ. P. 45(c) (limiting subpoenas for appearance at a hearing or trial out-of-state to within 100 miles of where the person resides or transacts business).  Thus, unless venue is

transferred, by filing this action in New York, Plaintiff will have deprived Sephora the ability to defend itself by compelling the attendance at trial of critical witnesses. "The convenience of the forum for witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Zaltz*, 952 F. Supp. 2d at 461 (quoting *ACE Am. Ins. Co. v. Bank of the Ozarks*, 11 Civ. 3146(PGG), 2012 WL 3240239, at *11 (S.D.N.Y. Aug. 6, 2012)).

The TAC identifies a number of key witnesses, including Signature's Adam Malka (who admitted to Plaintiff, against his own interests, that he obtained a license for Sephora's use of the Works), Sandler (whom Malka claims produced the videos that used the Works, and Yesh admits produced other similar videos), and Ms. Kat Von D (the non-party whose merchandise the Works were purportedly used to promote). *See* TAC, ¶¶ 21-23, 35, 47, 51, 68, 73. Testimony from these witnesses will undoubtedly reveal whether Signature did in fact have a license agreement with Plaintiff, what compositions were contemplated by that license agreement, and whether Signature or Mr. Malka licensed the compositions to Sephora. None of these witnesses reside in, or near, this Judicial District. Rather, per Plaintiff's allegations, all three witnesses reside in California. *See* TAC, ¶ 3 (describing Sephora's business headquarters in San Francisco, CA); Ex. 4 (describing Ms. Von D's home being located in the Hollywood Hills), Dkt 17-1; Ex. 5 (invoice showing Signature and Sandler located in California), Dkt. 17-2. It is undeniably more convenient for these witnesses to travel within the state in which they reside for this litigation than to travel across the country. More compellingly, this Court would be unable to compel these witnesses to personally appear for trial or any hearing.

      3.    Location of relevant documents and sources of proof:

If, as the TAC at one point contends, neither Sandler nor Signature were involved in the Subject Advertisements, then the production of the Advertisements and the underlying alleged copyright infringement would likely have occurred in San Francisco at Sephora's headquarters. *See* TAC, ¶¶ 19-20 (claiming that Sephora produced the relevant advertisements). And if the converse is true, as the TAC describes elsewhere, that Sandler and Signature were involved in producing the Subject Advertisements, then the production of the Advertisements and the

underlying alleged copyright infringement still occurred in California, but in Los Angeles County.  TAC, ¶ 68.  Given that "the bulk of what happened in this set of events" occurred in California, this factor weighs heavily in favor of transfer.  *Sebrow v. Zucker, Goldberg & Ackerman, LLC*, No. 10-CV-4767 NGG RLM, 2012 WL 911552, at \*4 (E.D.N.Y. Mar. 16, 2012); *see also In re Stillwater Mining Co. Sec. Litig.*, No. 02–CV–2806, 2003 WL 21087953, at \*5 (S.D.N.Y. May 12, 2003) ("While it is true that documents can be transported from state to state, for purposes of weighing transfer factors, the fact that documents are all currently located in [the transferee district] favors transfer."); *Greenwood Partners v. New Frontier Media Inc.*, No. 99 CIV. 9099 WK, 2000 WL 278086, at \*5 (S.D.N.Y. Mar. 14, 2000) (transferring venue where "the majority of producible documents seem to lie in" the transferee judicial district).

    4. <u>The convenience to parties:</u>

  Where the court is confronted with the threat of piecemeal litigation, transfer is warranted to the district capable of hearing all of the parties' claims.  *HomeoPet LLC v. Speed Lab., Inc.*, No. 14-CV-663 JFB AKT, 2014 WL 2600136, at \*19 (E.D.N.Y. June 11, 2014).  Here, Plaintiff's only claim is for federal copyright infringement.  However, Sephora anticipates asserting counterclaims[6] against Plaintiff arising under California state law.  A federal district court sitting in California is more familiar with the applicable state law than is a court sitting in New York.  Thus, the interests of justice will be best served by transfer there.  *See, e.g., Cali v. East Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 295 (E.D.N.Y. 2001); *Bank of Am., N.A. v. Hensley Props., LP*, 495 F. Supp. 2d 435, 440 (S.D.N.Y. 2007) (transferring venue and noting that "it is likely that even if this Court were to assert jurisdiction over this case, [defendant's] tort counterclaims would be governed by California law.")

    5. <u>The locus of operative facts:</u>

  Plaintiff has made no allegations that the nucleus of operative facts relevant to its TAC

---

[6] These will likely include counterclaims against Plaintiff for Breach of Contract, Breach of California's Implied Warranty of Good Faith and Fair Dealing, and violation of California's statute prohibiting Unfair Business Practices, Cal. Bus. & Prof. Code § 17200.

are connected in any significant manner to this Judicial District. As already discussed, the alleged copyright infringement occurred in the Northern and Central Districts of California, and appears to involve actors at Sephora's headquarters in San Francisco, and perhaps non-parties operating from Santa Monica and Hollywood, in Los Angeles. "The operative facts in infringement cases usually relate to the design, development and production of an infringing product." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004) (citing *MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*, No. 03 Civ.7157 (WHP), 2004 WL 1368299, at *6 (S.D.N.Y. 2004)).

## V.   THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO NAME INDISPENSABLE PARTIES

### A.   <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(7) permits a party to move to dismiss a complaint for failure to join an indispensable party, as that term is defined in Rule 19. Fed. R. Civ. P. 12(b)(7). "The party moving for dismissal for failure to join an indispensable party has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *City of N.Y. v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 353 (E.D.N.Y. 2008). In ruling on a motion to dismiss under Rule 12(b)(7), the court "may consider matters outside the pleadings." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 495 (S.D.N.Y. 2002).

Although the TAC devotes significant space to discussing their alleged misconduct, Plaintiff fails to name Signature and Sandler as defendants in this action, who are both necessary and indispensable parties. As they have not been joined in this action, the Court should dismiss the TAC.

Pursuant to Rule 19, a court must conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a necessary and indispensable party. *See* Fed. R. Civ. P. 12(b)(7); *Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123-24 (2d Cir. 1990). First, the court must determine whether the absent party is necessary to the action.

Specifically, Rule 19(a)(1) provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence the court cannot accord complete relief among existing parties, or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

In determining whether a party is indispensable, a court should consider: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  Fed. R. Civ. P. 19(b); *see Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir. 2004).

### B.    Both Signature and Sandler are Necessary and Indispensable Parties

Signature is a necessary party to any claim for copyright infringement because, as the TAC acknowledges, Signature's representative "claimed Signature gave a license to Mr. Jonathan 'Yoni' Sandler for use of the Copyrighted Compositions in the Subject Videos." TAC, ¶ 68.  Plaintiff also asserts that "not only did Signature fail to obtain approval of the plaintiff, it stole royalties that rightfully belong to plaintiff." TAC, ¶ 85.

Likewise, the TAC demonstrates that Sandler is a necessary party.  Plaintiff alleges that, "instead of a license, on September 29, 2016, defendant produced a two-page invoice dated October 29, 2014 from Signature Tracks to Yoni Sadler [sic] for 3 cues for 3 Kat Von D internet videos." TAC, ¶ 47.  Plaintiff further alleges that it received it received an email on September 26, 2016 from Signature (attached as Exhibit 14 to the TAC) in which Signature's representative described that it had "a long standing relationship" with "Yoni Sandler who edited the video[.]"

TAC, ¶ 73.

Plaintiff even seems to admit that Sandler may be necessary in this action to accord complete relief. In Plaintiff's own words, it acknowledges that "if we accept the representation made by Mr. Malka in his September 26, 2016 email as true, to wit, Signature has a 'long standing relationship' with Yoni Sandler. Then Sandler would have a blanket license." TAC, ¶ 96. If Sandler had a blanket license to use Plaintiff's works for the Subject Advertisements, the claim of copyright infringement would fail.

Not only are Signature and Sandler both necessary parties, they are both indispensable parties within the parameters of Rule 19. They each claim an interest relating to the subject of the action and are so situated that disposing of the action in their absence may, as a practical matter, impair or impede their ability to protect their interests. *See* Fed. R. Civ. P. 19(a)(1). For example, Signature has asserted not only that it was entitled to license the Copyrighted Compositions from Plaintiff, but that it in fact did license the Copyrighted Compositions to Sandler. TAC, ¶ 68. Signature has thus claimed to be a licensee and sub-licensor of the copyrighted materials that are the subject of this litigation. Failing to include Signature in this action would essentially be adjudicating whether it has valid interests in the Copyrighted Compositions, without allowing Signature to defend those rights.

Plaintiff's conclusion that "in reality, neither Signature or Yoni Sandler was involved in the production of the Subject Advertisements" is unavailing here. *See* TAC, ¶ 97. "It is elementary that, on a motion to dismiss, a complaint must be read as a whole." *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir. 1985) Even drawing all inferences in favor of Plaintiff, the weight of the TAC suggests that Sandler is the sub-licensee for Plaintiff's Copyrighted Compositions, and the producer of the disputed tutorials. TAC, ¶¶47, 51, 68, 73. Finally, although both Sandler and Signature are necessary parties, joinder is not feasible because, for the reasons that Sephora is not subject to personal jurisdiction in the Eastern District, Signature and Sandler are also not subject to personal jurisdiction here.

The only manner by which the Court could ensure that the parties will be afforded full and complete relief is to dismiss the action and allow Plaintiff to re-file it in California. Absent this relief, Sephora likely would be unable to hale Signature and Sandler into Court in the Eastern District of New York because of difficulty establishing personal jurisdiction over them there. Adjudication of this matter without them as parties would provide only incomplete relief, it would raise the possibility of inconsistent results were Sephora forced to proceed in a separate action against them, and it would result in this Court determining the property rights of parties who are not before it.

## VI.    THE TAC IMPROPERLY ALLEGES IMMATERIAL, IMPERTINENT, AND SCANDALOUS MATTERS

### A.    Standard of Review

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F. Supp. 2d 434, 437 (S.D.N.Y. 2005) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson*, No. 04–CV–9413, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006).

To prevail on a Rule 12(f) motion to strike, the movant must show "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015) (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

**B.     The Court Should Strike Plaintiff's Immaterial, Impertinent, and Scandalous Statements and Supporting Exhibits**

Plaintiff improperly uses the TAC as a vehicle for several unfortunate and inflammatory statements that do not add anything of material value to the TAC, and which are wholly irrelevant to the cause of action.  It appears that the sole purpose for these statements is to prejudice the Court and any trier of fact against Sephora, its associates, and its Counsel.  Thus, these statements should be stricken from the TAC.

1.     Paragraph 26:

Paragraph 26 reads: "On that same day, Ms. Von D received tremendous negative publicity when she showed up at the parlor, and attacked the media, knocking the hat off a female photographer's head." TAC, ¶26.  This paragraph must be stricken as it is plainly a scandalous allegation, introduced by Plaintiff in an attempt improperly cast a negative light on Sephora.[7] *Cabble*, 2006 WL 464078, at *11; TAC, ¶¶20, 35, 117.

Plaintiff's unsupported statements that Ms. Von D "attacked the media" and "knock[ed] the hat off a female photographer's head" are wholly unrelated to the issue of whether Sephora used Plaintiff's works without a license.  Further, to the extent that this is intended to show that actions by Ms. Von D somehow reflect upon Sephora's willingness to violate copyright protections, that would be impermissible.  Evidence of a person's character is not admissible to prove that she acted in accordance with that character trait on a particular occasion.  Fed. R. Evid. 404(a)(1).  But, far more likely, this is really nothing more than a smear tactic that "detracts from the dignity of the court." *Cabble*, 2006 WL 464078, at *11.  As such, the Court should strike Paragraph 26 in its entirety.

2.     Paragraph 55:

Paragraph 55 reads: "The invoice produced by defendant is a complete sham, but irrelevant." TAC, ¶55.  This paragraph is immaterial to this action because it alleges conduct

---

[7] Although Ms. Von D is not named as a defendant in this action, Plaintiff alleges that she is Sephora's agent and representative.  TAC, ¶117.

that occurred after the claims that are the subject of the TAC were already complete. It is also unfairly prejudicial because it improperly accuses Sephora of participating in fraud.

"To have redundant, immaterial or impertinent matters stricken from a pleading, the defendant must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 642 (S.D.N.Y. 2001) (citing *Wine Markets Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998)). First, Plaintiff itself asserts that the invoice is "irrelevant" and that it "is not a synchronization and master use license." TAC, ¶¶48, 55. Thus, any evidence supporting this baseless allegation would also be irrelevant and thus inadmissible. Second, per Plaintiff's own assertions, this allegation has no bearing on the issues in the case. *Id.* At best, Plaintiff's allegation attempts to anticipate defenses that Sephora may raise in this litigation. But "complaints need not anticipate . . . potential affirmative defenses." *High Falls Brewing Co., LLC v. Boston Beer Corp.*, 852 F. Supp. 2d 306, 310 (W.D.N.Y. 2011) (citing *Davis v. Indiana State Police*, 541 F.3d 760, 763 (7th Cir. 2008)); *see also Elliott & Hatch Book-Typewriter Co. v. Fisher Typewriter Co.*, 109 F. 330, 332 (S.D.N.Y. 1901) ("it is unnecessary and improper in a bill of complaint for the infringement of a patent to anticipate the defense.") Finally, the allegation that Sephora manufactured and produced a fraudulent invoice is not only false and irrelevant to Plaintiff's copyright infringement claim, but does nothing more than smear Sephora. Thus, Paragraph 55 should be stricken in its entirety.

3.      Paragraph 106:

Paragraph 106 reads: "Disturbingly, defendant's counsel knew full well that SEPHORA released the Subject Advertisements before the invoice date, and the fact that there were at least five copyrighted compositions and six advertisements produced. Yet counsel for defendant still used the bogus invoice as a weapon, repeatedly threatening plaintiff and plaintiff's counsel if this matter was not voluntarily dismissed." It is unfortunate that Plaintiff believes it necessary to make unfounded attacks on an adverse attorney's character and professional ethics in order to

state a cognizable claim.  Regardless, this is improper and should be stricken from the TAC.

First and foremost, Paragraph 106 is immaterial and impertinent to Plaintiff's claim for copyright infringement.  Plaintiff itself has asserted that the invoice is "irrelevant" to its claim for copyright infringement.  TAC, ¶55.  The alleged knowledge of Sephora's counsel is certainly not material to Plaintiff's claim for copyright infringement.  Additionally, to the extent that Paragraph 106 refers to settlement discussions between the parties, they would undoubtedly be inadmissible to demonstrate Sephora's liability.  Fed. R. Evid. 408.  Additionally, Paragraph 106 falls squarely within the definition of "scandalous" material that must be stricken.  Plaintiff's assertions are offensive and most unfortunate.

    4.    <u>Paragraph 107:</u>

Paragraph 107 reads: "That is the mindset of the defendant, break the law and wait to see if they catch you."  This is a conclusory paragraph that adds nothing of value to factual allegations that are material to the cause of action stated in the TAC.  It is unclear how Plaintiff could have insights to the state of mind of a corporation, and the people who were acting on its behalf.   Nonetheless, the only apparent purpose for this allegation is to reflect negatively on Sephora, and to cause unfair prejudice.  For this reason, the Court should strike Paragraph 107.

    5.    <u>Paragraph 109:</u>

Paragraph 109 reads: "Defendant has tried to bully itself out of liability in a case it has zero chance of prevailing."  This inflammatory language should be stricken as scandalous.  First, Plaintiff's opinion on Sephora's likelihood of prevailing is immaterial to Plaintiff's claim.  Second, Plaintiff's inflammatory characterization of Sephora's conduct as "bullying" is improper and serves no purpose but to unfairly prejudice Sephora.  For these reasons, the Court should strike Paragraph 109.

    6.    <u>Paragraph 110:</u>

Paragraph 110 reads: "We respectfully ask the Court to consider this behavior as well as all of the behaviors detailed in all prior allegations when it makes a determination on damages."  Paragraph 110 should be stricken as immaterial and impertinent.  Plaintiff requests that the Court

consider extraneous matters that have no bearing on this litigation in awarding damages. Further, it is inappropriate and unnecessary to this action. The purpose of a complaint is not to plead with the Court, but rather to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). As such, the Court should strike Paragraph 110 in its entirety.

       7.    <u>Paragraph 114:</u>

Paragraph 114 reads:

> Defendant has a pattern and practice of illegally using copyrighted recordings without a license in its advertisements. For example, 'Crimson and Clover' by Tommy James and the Shondells, and 'I Love Rock and Roll' by Joan Jett and the Blackhearts appear in the video advertisement titled 'Kat Von D Beauty på Sephora' which appears at https://www.youtube.com/watch?v=EUa2CACl07c. This is a further example of defendant's blatant use of copyrighted material without a license."

Paragraph 114 makes allegations of copyright infringement that are wholly irrelevant to the instant dispute. *See Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136, 145 (E.D.N.Y. 1987) (striking "[r]eferences to other litigation and the context in which they are made" as improper and irrelevant); *Kent v. AVCO Corp.*, 815 F. Supp. 67, 71 (D. Conn. 1992) (striking paragraphs referencing litigation involving different parties). Paragraph 114 implausibly concludes that simply because two compositions are used in a video posted to YouTube by Sephora Sweden, those compositions were used illegally and without a license, and that Sephora USA (the defendant here) is somehow liable for the conduct of a different legal entity. References to these manufactured claims are immaterial, and serve no purpose but to inflame the finder of fact and prejudice Sephora. As such, the Court should strike Paragraph 114 in its entirety.

## VII.  <u>CONCLUSION</u>

For all of the foregoing reasons, and any others that this Court considers just, Sephora

respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint for lack of personal jurisdiction; dismiss for failure to join indispensable parties; dismiss for improper venue, or in the alternative, transfer venue to the Northern or Central District of California; and, if the Court does not dismiss the Third Amended Complaint, to strike the immaterial, impertinent, and scandalous allegations in Paragraphs 26, 55, 106-107, 109-110, and 114 of the Third Amended Complaint.

DATED: February 13, 2017                    SIDEMAN & BANCROFT LLP


By: _____
    Louis P. Feuchtbaum
    Attorneys for Defendant

9407-14\3177372v1