UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YESH MUSIC, LLC,

               Plaintiff,

      v.

SEPHORA USA, INC.,

               Defendant.

-----------------------------------------------------------------x

Index No.: 16-cv-4913 (CBA)(RER)

**DECLARATION OF RICHARD CUPOLO**

       I, Richard Cupolo, hereby declare pursuant to 28 U.S.C. § 1746, and under the penalties of perjury as follows.

      1.      I am over 18 years of age and I am a party to this action.

      2.      Defendant does not dispute that it created and distributed six (6) advertisements, or that it illegally synchronized and distributed at least two of our copyrighted recordings to those advertisements.

      3.      Nor is it disputed the six (6) advertisements were distributed within this Judicial District, and otherwise directed to this Judicial District through, inter alia, defendant's in-store kiosks, website, and YouTube.

      4.      With respect to the in-store touch-screen kiosks, attached as Exhibit 1 is a true and correct copy of the May 4, 2012 <www.racked.com> article last viewed February 24, 2016.

      5.      Attached as Exhibit 2 is a true and correct copy of the February 19, 2001 New York Times which at page three discusses SEPHORA upgrading its in-store kiosks.

      6.      The six (6) SEPHORA advertisements are video tutorials, and were played on the in-store touch-screen kiosks.

      7.      A single SEPHORA advertisement has been viewed as many as 768,000 times.

8.    Attached as Exhibit 3 is a true and correct copy of the YouTube webpage last viewed on February 17, 2016.

9.    That's a substantial amount of views, and each video was posted to Sephora.com and YouTube with a link to Sephora.com.

10.    While there have been tens of thousands of sales in New York, I identified three specific internet sales in New York generated by the Subject SEPHORA Advertisements.

11.    **First Internet Sale**: In the video advertisement titled "Contouring with Kat Using the Shade + Light Contour Collection | Sephora" found at Sephora's YouTube channel located at <https://www.youtube.com/watch?v=5bIvKxMNlbQ>, last viewed on February 15, 2017, our copyrighted composition *Escapist* is synchronized without license or authority.

12.    The subject video advertisement remains up with the infringing content despite the within lawsuit.

13.    The *Escapist* infringement is part of the subject of the within action.

14.    At frame 0:38 of the subject video, Kat Von D shows the "Kat Von D Lock-It Featherweight Primer", which is part of the "Kat Von D Shade and Light Contour Collection" which is the subject product of the video advertisement.

15.    YouTube poster "LadyEMC2TV", whose real name is Eva Aquino, purchased and reviewed the "Kat Von D Lock-It Featherweight Primer" on YouTube, found at <https://www.youtube.com/watch?v=HurMQddEats>, last viewed on February 15, 2017.

16.    From :28 to :33 seconds of the aforementioned video, Ms. Aquino, a New York resident, states "I picked mine up online, and it was like January 15 [2015] or so when I ordered it."

17. Ms. Aquino purchased the product on-line, from her residence in New York after watching the tutorial.

18. Aquino's residence is shown in the intro section found on her Facebook page located at

<https://www.facebook.com/LadyEMC2TV?lst=542616424%3A100002605755788%3A1485586043.

19. **Second Internet Sale**: Ms. Aquino also states she purchased the "Kat Von D Immortal Lash" product after watching the Kat Von D advertisement in a separate video located at <www.youtube.com/watch?v=fNx28_NOLpE>.

20. At 6:04-6:10 of the video, Ms. Aquino directs purchasers to the SEPHORA website.

21. The "Kat Von D Immortal Lash" appears at 4:48 in the advertisement titled "Kat Von D Makeup - The Innerstellar Eyeshadow Makeup Tutorial" which can be found at <www.youtube.com/watch?v=sfbloSIPjxkat>.

22. That aforementioned video advertisement synchronizes plaintiff's Copyrighted Composition *DEA*, which remains active, with the infringing content, despite the within lawsuit.

23. **Third Internet Sale:** Martinis and Mascara is a Glam.com lifestyle blog devoted to beauty written by award-wining blogger Katie McBroom.

24. Ms. McBroom lives in New York and purchased the "Innerstellar Eyeshadow Collection" on the internet.

25. That product appears in the video titled "Introducing the Kat Von D Innerstellar Eyeshadow Palette | Sephora" located www.youtube.com/watch?v=TssnQyte2HQ**.**

26. Defendant operates a website found at <www.sephora.com.> (the "Website").

27.     The Website is highly interactive, and users can purchase products directly from the Website.

28.     Users from New York represent nearly 9% of the of the approximate $434,000,000 in SEPHORA's U.S. ecommerce sales.

29.     As Exhibit 4 shows, defendant contracted with JC Penny in New York to put hundreds of SEPHORA stores in JC Penny including the JC Penny's in the Queens Mall and Manhattan Mall.

30.     Defendant also contracted with fifty-five building owners to purchase or lease space.

31.     These are expensive long-term leases for large spaces., e.g., (i) 5 Times Square which has 13,000 square-feet at an annual rent of 4.5 million dollars; (ii) 90-15 Queens Blvd., which has 21,000 square-feet at an annual rent of at Queens Center, (iv) 11,300 square-feet on 6th Ave. for 10 years; (iv) 11,300 square-feet at 112 West 34th St.; (vi) 8,300 square-feet on Jarolemon St., blocks from this Court House; (vii) 7,000 Sq. Ft. at 750 Lexington Ave, and even (viii) the second level of Quincy Market in Boston, leased from New York-based leaseholder, Ashkenazy Acquisitions Corp.

32.     Attached as Exhibit 5 is a true and correct copy of the website pages detailing some of the above leases.

33.     Signature had no authority to license any recordings, and no right to include recordings in a database.

34.     They tried to be our licensor, but we never reached an agreement.  In May 2015 Signature sent us a proposed agreement but it was so ridiculous we rejected it.

35. Attached as Exhibit 6 is a true and correct copy of the proposed May 15, 2015 agreement.

36. It is obvious no license for three YESH tracks was ever created.

37. Prior to any license we would have been contacted to approve the terms.

38. We make a significant part of our living from licensing our recordings.

39. If another client in the same space had licensed one of the subject recordings, it would have breached that license to license the same recording to SEPHORA.

40. For example if Macys, Lord and Taylor, Ulta, Harmon, Space NK, Bluemercury, etc, which are in the same retail space, contacted us for a license, we need to know where our recordings are licensed because there can't be another national commercial for SEPHORA at the same time.

41. Further, SEPHORA's six (6) national commercials, of unlimited duration means that five of our one hundred twenty five recordings can't ever be licensed to one of these entities. We lose the right to ever use that recording, which is a big deal to us.

42. If we were contacted, we would have demanded at least $60-70,000, and that is only part of the loss incurred by YESH, LLC which is located in Queens.

43. Plaintiff was never paid anything by Signature.

44. After a thorough review, I can state for an absolute certainty that Signature failed to acknowledge any of the SEPHORA advertisements on its website, Facebook page, or on Twitter.

45. Signature posts everything it licenses.

46. Similarly, Sandler also posted all of his work to his website.

47.   None of the subject SEPHORA advertisements was posted by Mr. Sandler to his website, Facebook, or Twitter.

48.   Sandler didn't even "like" any of the Subject SEPHORA Advertisements on YouTube.

49.   Attached as Exhibit 7 is a true and correct copy of the Sandler YouTube page last viewed on February 24, 2016.

50.   There is significant evidence demonstrating neither Sandler nor Signature Tracks was ever involved, in any manner, with the creation of the subject SEPHORA advertisements.

51.   Plaintiff possess numerous video advertisements, videos abstracted from other websites, and additional documents in Queens.

52.   Plaintiff is comprised of two musicians from Queens, with very limited means.

53.   It would be a significant burden for plaintiff's two members to litigate this matter in San Francisco.

54.   After reviewing the LVMH financials (parent company to SEPHORA) I can state SEPHORA generated 4 billion in sales, 1.4 billion from the U.S., and a significant amount of revenue from New York.  Its fifty-five stores in New York State, and significant ecommerce, represents almost 9% of its U.S. sales. See Exhibit 8 a true and correct copy of the April 13, 2003 Forbes Magazine.

55.   Defendant has also entered into long-term New York based contracts with JC Penny, in New York, to put hundreds of SEPHORA stores in JC Penny locations including the Gateway Shopping Center in Brooklyn, and Manhattan Mall. Attached as Exhibit 9.

56.   Signature is run by two musicians, David Lasman and Adam Malka.  Lasman and Malka claim only two artists are in the Signature library.

57.     Exhibit 10 is a true and correct copy of the Signature database which shows every recording is designated a signature recording.

58.     Regardless, at least three of the advertisements here predate the invoice so it is irrelevant.

59.     I declare under the penalty of perjury that the forgoing is true and correct.

EXECUTED ON

February 27, 2017

_____
Richard Cupolo