LOUIS P. FEUCHTBAUM (LF9637)
REBECCA K. FELSENTHAL (RF4600)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

Attorneys for Defendant
SEPHORA USA, INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESH MUSIC, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>SEPHORA USA, INC.,<br><br>    Defendant. | Index No. 16-cv-4913 (CBA)(RER)<br><br>**Defendant Sephora Usa, Inc.'S Reply Brief In Support Of Motion To Dismiss Plaintiff's Third Amended Complaint** |

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ................................................................................1

II.   THIS COURT LACKS PERSONAL JURISDICTION OVER SEPHORA ......................2

    A.    General Personal Jurisdiction ..............................................................3

    B.    Specific Personal Jurisdiction ..............................................................4

        1.    CPLR § 302(a)(1) ................................................................5

        2.    CPLR § 302(a)(2) ................................................................8

        3.    CPLR § 302(a)(3) ................................................................9

        4.    CPLR § 302(a)(4) ................................................................9

III.  VENUE IS IMPROPER IN THE EASTERN DISTRICT OF NEW YORK ....................10

    A.    Neither Sephora Nor Its Agent Reside In New York ............................10

    B.    A Supporting Affidavit Is Not Required On A Motion To Transfer Venue..........10

    C.    The Factors Weigh In Favor of Transfer ..............................................11

IV.   SIGNATURE TRACKS AND JONATHAN SANDLER ARE INDISPENSABLE PARTIES ........................................................................................................13

V.    THE COURT SHOULD STRIKE THE TAC'S IMMATERIAL, IMPERTINENT, AND SCANDALOUS STATEMENTS ..............................................14

VI.   CONCLUSION ...................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aluminal Indus., Inc. v. Newtown Commercial Assocs.*,
89 F.R.D. 326 (S.D.N.Y. 1980) ...............................................................................9

*Andy Stroud, Inc. v. Brown*,
No. 08 Civ. 8246(HB), 2009 WL 539863 (S.D.N.Y. Mar. 4, 2009) .......................9

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .........................................2

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
171 F.3d 779 (2d Cir. 1999) ....................................................................................2

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016) ....................................................................................4

*Cable News Network, L.P. v. GoSMS.com, Inc.*,
No. 00 CIV. 4812 (LMM), 2000 WL 1678039 (S.D.N.Y. Nov. 6, 2000) ...............8

*Capitol Records, LLC v. VideoEgg, Inc.*,
611 F. Supp. 2d 349 (S.D.N.Y. 2009) ............................................................5, 6, 8

*Cavu Releasing, LLC. v. Fries*,
419 F. Supp. 2d 388 (S.D.N.Y. 2005) ...................................................................10

*Citibank v. Transcon. Prods. & Servs., Inc.*,
No. 98 Civ. 6889(RCC), 1999 WL 595658 (S.D.N.Y. Aug. 6, 1999) ...................11

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ...........................................................................................3, 4

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
888 F. Supp. 2d 342 (E.D.N.Y. 2012) ...................................................................11

*Geo-Physical Maps, Inc. v. Toycraft Corp.*,
162 F. Supp. 141 (S.D.N.Y. 1958) ........................................................................10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S.Ct. 1923 (2016) ............................................................................................15

*Jazini v. Nissan Motor Co. Ltd.*,
148 F.3d 181 (2d Cir. 1998) .................................................................................2, 8

*Licci v. Lebanese Canadian Bank*,
673 F.3d 50 (2d Cir. 2012) ......................................................................................5

*Linzer v. EMI Blackwood Music, Inc.*,
904 F. Supp. 207 (S.D.N.Y. 1995) ......................................................................................10

*Lipton v. The Nature Co.*,
781 F. Supp. 1032 (S.D.N.Y. 1992), *aff'd sub nom Lipton v. Nature Co.*, 71
F.3d 464 (2d Cir. 1995)........................................................................................................13

*Lumiere v. Mae Edna Wilder, Inc.*,
261 U.S. 174, 43 S.Ct. 312, 67 L.Ed. 596 (1923)...............................................................10

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
No. 02 CIV. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) ...........................11

*Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contracting Co.*,
No. 03 CIV. 2936 (MBM), 2004 WL 1620874 (S.D.N.Y. Jul. 20, 2004)..............................7

*Patel v. Patel*,
497 F. Supp. 2d 419 (E.D.N.Y. 2007) ..................................................................................8

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) (en banc)...........................................................................14

*Skrodzki v. Marcello*,
810 F. Supp. 2d 501 (E.D.N.Y. 2011) ..................................................................................6

*Speedfit LLC v. Woodway USA, Inc.*,
53 F. Supp. 3d 561 (E.D.N.Y. 2014) ..................................................................................11

*Taormina v. Thrifty Car Rental*,
No. 16-CV-3255 (VEC), 2016 WL 7392214 (S.D.N.Y. Dec. 21, 2016)................................4

*TM Claims Serv. A/S/O v. KLM Royal Dutch Airlines*,
143 F. Supp. 2d 402 (S.D.N.Y. 2001)..................................................................................12

*Yash Raj Films (USA) Inc. v. Dishant.com LLC*,
No. 08-CV-2715 ENV/RML, 2009 WL 4891764 (E.D.N.Y. Dec. 15, 2009) ........................6

*Zaltz v JDATE*,
952 F. Supp. 2d 439 (E.D.N.Y. 2013) ................................................................................12

*Zangiacomi v. Saunders*,
714 F. Supp. 658 (S.D.N.Y. 1989) ......................................................................................12

**Statutes**

28 U.S.C. § 1400(a) .............................................................................................................10

CPLR Section 302...........................................................................................................1, 4

CPLR § 302(a)(1) ........................................................................................................5

CPLR § 302(a)(2) ........................................................................................................8

CPLR § 302(a)(3) ........................................................................................................9

CPLR § 302(a)(4) ........................................................................................................9

**Other Authorities**

Federal Rules of Civil Procedure 12(b)(2)..........................................................1, 7, 16

Federal Rules of Civil Procedure 12(b)(3)..............................................................1, 16

Federal Rule of Civil Procedure 12(b)(7) ...................................................................16

Federal Rule of Civil Procedure 12(f) ....................................................................2, 16

M. Nimmer & D. Nimmer, 3 Nimmer on Copyright, § 12.03 (2007) ..........................14

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant SEPHORA USA, INC. ("Sephora") hereby submits this Reply Brief in support of its motion to dismiss or strike portions of Plaintiff YESH MUSIC, LLC's ("Yesh" or "Plaintiff") Third Amended Complaint ("TAC"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(7), and/or 12(f) ("the Motion").

## I.    <u>PRELIMINARY STATEMENT</u>

Sephora's Motion to Dismiss establishes that Plaintiff's TAC is improperly brought before this Court because it fails to establish personal jurisdiction, is filed in an improper venue, and it fails to join necessary and indispensable parties. Sephora's Motion further establishes that, should this Court not dismiss the TAC, several irrelevant paragraphs should be stricken as scandalous and inflammatory, and the interests of justice demand transfer of venue to the Central or Northern District of California. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("the Opposition") fails to refute Sephora's Motion with contrary law or facts.

Notwithstanding Plaintiff's argument to the contrary, the law clearly establishes that Sephora is not subject to personal jurisdiction in New York in this dispute. Plaintiff has not met its burden of demonstrating that Sephora engages in the sort of "continuous and systematic" activities that could establish general personal jurisdiction, or that Sephora is otherwise "at home" in New York. Instead, Plaintiff offers misstatements of law, and irrelevant or incompetent evidence[1] to argue that Sephora is subject to general personal jurisdiction in New York. Alternatively, Plaintiff has not met its burden of establishing that Sephora is subject to specific personal jurisdiction under any of the provisions of New York's long-arm statute, CPLR Section 302. Plaintiff's Opposition repudiates its own allegations in the TAC to now claim that the purported copyright infringement occurred in New York. But that newfound claim is mere conclusory speculation. Plaintiff also now claims that personal jurisdiction over *Sephora* is

---

[1]  This Reply also relies upon Sephora's concurrently filed Evidentiary Objections to Plaintiff's Opposition.

established by the locus of *Plaintiff's* economic damages, but that novel theory is unsupported by law.  These arguments are insufficient to confer personal jurisdiction over Sephora.

Having failed to establish personal jurisdiction, Plaintiff cannot meet its burden to demonstrate that venue is proper in the Eastern District of New York.  Further, Plaintiff has not established that, should this Court retain jurisdiction, the facts in this dispute weigh against transfer to the Central or Northern District of California, where the purported infringement occurred, where key witnesses reside, and where one would expect the main documents and other relevant evidence to exist.

As Sephora's Motion describes, Plaintiff's TAC alleges facts that establish Signature Tracks ("Signature") and Jonathan "Yoni" Sandler ("Sandler") are indispensable parties to this dispute.  Though Plaintiff's Opposition now argues that Signature and Sandler are joint tortfeasors who are not indispensable to this dispute, in actuality, the TAC alleges that Signature and Sandler are licensors of the copyrighted works at issue here.  According to well-established law, as licensors of the works, Signature and Sandler are parties indispensable to this dispute.

Sephora's Opposition identifies several paragraphs of the TAC that contain allegations that are irrelevant to the causes of action, and should be stricken because of their inflammatory nature. It is unfortunate that Plaintiff has not reconsidered these, and continues to insist that they remain in any operative pleading.  However, Federal Rule of Civil Procedure 12(f) supports striking the allegations in Paragraphs 26, 55, 106, 107, 110, and 114 to the TAC.  Not only is there scant admissible evidence that could support these irrelevant allegations, but permitting them to stand would cause unfair prejudice to Sephora.

## II.    <u>THIS COURT LACKS PERSONAL JURISDICTION OVER SEPHORA</u>

A plaintiff bears the burden of establishing a court's jurisdiction over the defendant. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  In considering whether the plaintiff has met its burden, the Court is not bound by conclusory statements that are unsupported by facts.  *Jazini v. Nissan Motor Co. Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868

(2009).  Here, for the reasons stated below and in Sephora's Motion, Plaintiff has not met its burden.

### A.      General Personal Jurisdiction

Plaintiff incorrectly claims that Sephora is present, doing business, and at home in New York State such that this Court's assertion of general personal jurisdiction over Sephora comports with due process.  Opp. at pp. 3, 16-17. To be subject to general personal jurisdiction in this Court, Plaintiff must establish that Sephora engages in continuous and systematic activities in New York, and that it is at home in New York, meaning that New York is "the place of incorporation and principal place of business." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).  Yet neither the TAC, nor Plaintiff's Opposition, identify facts supporting this Court's exercise of general personal jurisdiction over Sephora.

As Plaintiff itself has acknowledged, Sephora is neither incorporated, nor has its principal place of business, in New York. TAC ¶ 3; Declaration of Richard Garbarini ("Garbarini Decl."), Ex. 1.  Even if Sephora did maintain a "corporate headquarters" in New York, as Plaintiff now incorrectly contends, Plaintiff has not provided any facts that would support its latest allegation that Sephora's principal place of business is in New York.[2]

Sephora is domiciled in California. Plaintiff erroneously asserts that service upon Sephora in New York establishes personal jurisdiction in New York.  But, that contention is without support of any law.[3]  Rather, Second Circuit case law is clear that a federal district court can exercise general personal jurisdiction over a non-domiciliary corporation only where "that corporation's affiliations with the State are so continuous and systematic as to render it

---

[2]  Plaintiff attempts to offer incompetent evidence of a Sephora corporate headquarters in New York.  However, what Plaintiff claims is a "copy of the SEPHORA filing with the Texas Secretary of State" in actuality is a page from the website texas-register.com, which is not affiliated with the Texas Secretary of State or the State of Texas. An ICANN WhoIs search (https://whois.icann.org/en/lookup?name=texas-register.com) suggests that this website is registered to an individual named David Trkac in Czechoslovakia. *See* Declaration of Rebecca K. Felsenthal, ¶ 6, Ex. A.

[3]  Curiously, Plaintiff's claim that it served Sephora in New York (Opp. at p. 16) is also incorrect as a matter of fact. Plaintiff served Sephora in Texas, not in New York.  *See* Proof of Service, Dkt. No. 8.

essentially at home in the forum." *Daimler*, 134 S. Ct. at 761. "[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 628 (2d Cir. 2016). Plaintiff has failed to demonstrate that any of Sephora's contacts render this an "exceptional case"; certainly, neither the presence of an agent for service of process in New York, nor even actual service on such an agent, would be sufficient for this Court to exercise general jurisdiction over Sephora. *See Brown*, 814 F.3d at 641 (holding that, post-*Daimler*, registering to transact business and appointing an agent for service of process did not constitute consent to the state courts' exercise of general jurisdiction); *Taormina v. Thrifty Car Rental*, No. 16-CV-3255 (VEC), 2016 WL 7392214, at \*7 (S.D.N.Y. Dec. 21, 2016) (declining to find that registration to do business and appointment of an agent for service of process in New York constitute consent to general jurisdiction).

### B.      Specific Personal Jurisdiction

Plaintiff also claims that this Court has specific personal jurisdiction over Sephora under each of the four prongs of CPLR § 302. First, Plaintiff erroneously argues that there is jurisdiction under Section 302(a)(1) based on the single sale of a Sephora product over the internet to a consumer in New York, and based on the display of advertisements nationally, including in New York. Second, Plaintiff argues that there is jurisdiction under Section 302(a)(2) because the alleged copyright infringement occurred within the state of New York. Third, Plaintiff argues that there is jurisdiction under Section 302(a)(3) because Plaintiff has allegedly suffered economic damages in New York. Fourth, Plaintiff argues that there is jurisdiction under Section 302(a)(4) because the alleged copyright infringement purportedly took place on property used by Sephora in New York. These assertions are unsupported by the facts or the law. As such, Plaintiff has not met its burden of demonstrating that Sephora is subject to specific personal jurisdiction before this Court.[4]

---

[4] While Plaintiff also claims that Sephora is subject to personal jurisdiction in New York due to it having been
(footnote continued)

1.     **CPLR § 302(a)(1)**[5]

First, Plaintiff's argument that there is jurisdiction under Section 302(a)(1) based on Sephora's business activities in New York fails.  Section 302(a)(1) allows for personal jurisdiction to be asserted over a non-domiciliary when the cause of action arises from that entity's business transactions within New York State.  *Licci v. Lebanese Canadian Bank*, 673 F.3d 50, 60 (2d Cir. 2012).  But, Plaintiff has not, and is unable to, claim that the purported copyright infringement arises out of Sephora's business transactions within New York State.

Plaintiff claims that Sephora is subject to personal jurisdiction under this subsection because it has transacted business in New York via the (1) sale of products through its website to New York consumers, and (2) display of advertisements in New York (through the website and through the in-store kiosks).  However, Plaintiff cites to no admissible facts in support of these contentions. Also,  these arguments fail as a matter of law.

Plaintiff claims that the cause of action arises from Sephora's operation of a website that is interactive, rather than passive, and that this is sufficient to confer personal jurisdiction.  Opp. at p. 14.  But, the mere allegation that Sephora's website is interactive, rather than passive, is not enough to support personal jurisdiction under Section 302(a)(1).  *See Capitol Records, LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 358 (S.D.N.Y. 2009).  "[W]ithout [] factual allegations of purposeful actions directed at New York *qua* New York," Sephora's offering of advertisements and products for sale "to its New York users does not constitute transaction of business under Section 302(a)(1)."  *Id.* at 360.  "Because websites are generally speaking, equally accessible everywhere in the developed world, the mere availability of a site to a putative customer in New

---

involved in other litigation there, Sephora believes it would be an inappropriate use of resources to fully rebut that argument.  Nowhere in American jurisprudence does a party's agreeing to, or seeking, intervention of a foreign court indelibly mark that party as then being subject to the personal jurisdiction of that foreign court for all time, and in all matters.  To the contrary, there are many occasions when a party must seek assistance of a foreign court because there are no other venues in which relief may be sought.  Also, it is well-established that a party may waive personal jurisdiction in one matter, without waiving it for another.  This argument is most creative, but there is simply no legal basis for making it.

[5]  Plaintiff erroneously cites to the first three specific personal jurisdiction provisions of the CPLR as Sections 30<u>1</u> (a)(1)-(3); the correct provisions are found at Sections 30<u>2</u>(a)(1)-(3).

York does not automatically constitute the purposeful availment required for a transaction of business in this state." *Yash Raj Films (USA) Inc. v. Dishant.com LLC*, No. 08-CV-2715 ENV/RML, 2009 WL 4891764, at *5 (E.D.N.Y. Dec. 15, 2009) (citations omitted). Although Plaintiff has alleged that Sephora's website was available to and utilized by New York consumers, Plaintiff has not alleged (nor can it) that Sephora's website was *directed* at New York consumers.

Whether a website, even an interactive one, is available to New York consumers is not the end of the inquiry. Instead, the exercise of personal jurisdiction based on the operation of a website is only permissible where such exercise is "directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." *Id.*, citing *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). A party whose website is simply available to New York consumers, but not specifically directed at them, has not purposefully availed itself of the privilege of conducting business activities in New York. *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 517 (E.D.N.Y. 2011). To conclude that Sephora has purposefully availed itself of New York courts, Plaintiff must allege that the availability of its website to consumers in New York is "distinguishable from its interaction with users located in any other jurisdiction." *Capitol Records*, 611 F. Supp. 2d at 359. It has not done so.

Further, Plaintiff's argument fails as a matter of fact because it contains mere conclusory statements without specific allegations to support them. Plaintiff has not explained why or how Sephora's website is interactive. It has not made any specific allegations regarding the nature or quality of commercial activity conducted through Sephora's website, other than asserting (without evidence) that tens of thousands of Sephora purchases have been made in New York through ecommerce. Opp. at p. 2. And it has not demonstrated, nor can it, that Sephora's interactions with consumers in New York are distinguishable from its interactions with consumers in any other jurisdiction. Thus, Plaintiff has not met its burden of demonstrating that Sephora's website is directed at New York consumers such that the website subjects Sephora to personal jurisdiction in New York.

Additionally, the TAC does not allege that the Subject Advertisements were displayed in Sephora's retail locations in New York.  Plaintiff's Opposition attempts to address this omission by concluding that "the tort was committed in this state via the uploading and distribution of the SEPHORA Advertisements through kiosks in this Judicial District."  Opp. at p. 13.  But this conclusion is unsupported by either the law or the facts.  Plaintiff cites no law in support of its argument that alleged viewing of infringing works in New York means that copyright infringement was committed in New York. Further, Plaintiff fails to make any factual allegations that the Subject Advertisements were actually uploaded or viewed in New York.  Plaintiff submits an attorney declaration asserting, without personal knowledge or factual basis, that "non-party witnesses are expected to testify to the playing of the Subject SEPHORA Advertisements on in-store kiosks."  Garbarini Decl. at ¶ 31.[6]  Plaintiff also submits another declaration that (incorrectly) states "Nor is it disputed the six (6) advertisements were distributed within this Judicial District, and otherwise directed to this Judicial District through, inter alia, defendant's in-store kiosks, website, and YouTube."  Declaration of Richard Cupolo ("Cupolo Decl.") at ¶ 3.[7]  The Cupolo Declaration also asserts "The six (6) SEPHORA advertisements are video tutorials, and were played on the in-store touch-screen kiosks." *Id.* at ¶ 6.

The Garbarini and Cupolo Declarations are not based on personal knowledge, and are therefore irrelevant when considering a Rule 12(b)(2) motion to dismiss.[8]  Additionally, the Declarations cite to no admissible evidence to support the claims contained therein.  The Garbarini Declaration cites no evidence or exhibits in support of its claim in Paragraph 31.  The Cupolo Declaration cites to two articles in support, neither of which asserts that the Subject Advertisements were displayed in Sephora retail locations (and both of which pre-date the

[6]  Sephora objects to this statement as lacking personal knowledge.  Fed. R. Evid. 602.

[7]  Sephora objects to this statement as lacking personal knowledge, lacking foundation and calling for an improper legal conclusion. Fed. R. Evid. 602, 701, 702.

[8]  *See Neewra, Inc. v. Manakh Al Khaleej Gen. Trading & Contracting Co.*, No. 03 CIV. 2936 (MBM), 2004 WL 1620874, at *2 n.3 (S.D.N.Y. Jul. 20, 2004) (a declaration not based on personal knowledge is disregarded in considering a motion to dismiss for lack of personal jurisdiction).

7

infringement alleged here).  Cupolo Decl. at Exs. 1-2.  Neither the Garbarini nor Cupolo Declarations assert that the declarants witnessed the Subject Advertisements being played in Sephora's New York retail locations, or that any evidence exists that the Subject Advertisements were played in Sephora's New York retail locations.  These kinds of unsupported conclusory allegations are insufficient to support a prima facie showing of personal jurisdiction.  *Jazini*, 148 F.3d at 185; *accord Patel v. Patel*, 497 F. Supp. 2d 419, 423 (E.D.N.Y. 2007).

2.    **CPLR § 302(a)(2)**

Plaintiff's Opposition now takes a position wholly at odds with the allegations in its TAC.  Despite presenting allegations in the TAC that suggest the alleged copyright infringement occurred within California (TAC, ¶¶ 3, 19-20, 68, 11), Plaintiff now attempts to establish personal jurisdiction under Section 302(a)(2) by claiming that the purported infringement actually occurred within New York.  Again, having been presented with argument pointing out the deficiencies in its complaint, Plaintiff responds by stating the conclusions necessary to remedy them, but without the necessary predicate facts.  Neither Plaintiff's TAC, nor its Opposition or supporting papers, include any credible basis for Plaintiff to maintain that the purported infringement occurred within New York.  This is the type of unsubstantiated, conclusory pleading that Courts are free to reject. *Jazini*, 148 F.3d at 185.

Because its own pleadings suggest that the allegedly infringing videos were created and maintained in California, Plaintiff cannot establish that jurisdiction in New York is proper under Section 302(a)(2).  *See, e.g.*, *Capitol Records*, 611 F. Supp. 2d at 362-63 (copyright infringement occurred where the infringing material was created and is maintained); *Cable News Network, L.P. v. GoSMS.com, Inc.*, No. 00 CIV. 4812 (LMM), 2000 WL 1678039, at *3 (S.D.N.Y. Nov. 6, 2000) (noting that "[i]n cases involving the posting of infringing material on an internet web site courts have held that the tort occurs where the web site is created and/or maintained, usually where the server supporting the web site is located, not where the internet web site can be seen, because that would be literally anywhere the internet can be accessed.")

8

3.    **CPLR § 302(a)(3)**

Third, Plaintiff argues that there is jurisdiction under Section 302(a)(3) because Plaintiff has allegedly suffered economic damages in New York.  This argument fails as a matter of law. Plaintiff argues that because "the injury occurred in New York where YESH, the alleged owner of the copyrights is a resident," jurisdiction is proper.  Opp. at p. 15.  But when the only alleged injury suffered by the plaintiff in New York is economic harm, jurisdiction in New York is not proper. *See* Motion at pp. 10-11.  "[T]he mere fact that the [copyright owner] resides in New York and therefore ultimately experiences a financial loss there is not a sufficient basis for jurisdiction." *Andy Stroud, Inc. v. Brown*, No. 08 Civ. 8246(HB), 2009 WL 539863, at *6 (S.D.N.Y. Mar. 4, 2009).

4.    **CPLR § 302(a)(4)**

Finally, Plaintiff argues that jurisdiction is proper under Section 302(a)(4) because its copyright infringement claim arises from Sephora's ownership, use, or possession real property in New York.  Plaintiff misunderstands the law.  "CPLR § 302(a)(4) is confined to *actions arising from the ownership, use or possession of real property*; the statute does not make ownership, use or possession of real property per se a basis of jurisdiction." *Aluminal Indus., Inc. v. Newtown Commercial Assocs.*, 89 F.R.D. 326, 329 (S.D.N.Y. 1980) (emphasis added). Instead of showing that this action arises from the ownership or use of real property in New York, Plaintiff simply concludes that "the claims arises from that property as the tort took place there."  Opp. at p. 16.  As described in Section II.A, Plaintiff has not adequately alleged that the Subject Advertisements were displayed in Sephora's stores in New York; even if they had, this would be insufficient to confer jurisdiction under Section 302(a)(4) because the purported copyright infringement would not arise from Sephora's ownership or use of real property.  As described above, the tort of copyright infringement occurs where the infringing material is created, not where it is purportedly viewed. It cannot be argued, therefore, that the claim at issue here "arises from" real property in New York.

### III.    VENUE IS IMPROPER IN THE EASTERN DISTRICT OF NEW YORK

#### A.    Neither Sephora Nor Its Agent Reside In New York

Plaintiff argues that venue is proper in New York because Sephora maintains an *agent for service of process* in New York. 28 U.S.C. § 1400(a).  This is incorrect as a matter of law because an agent for service of process is not an "agent" for purposes of the venue statute.

Section 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or maybe found."  An "agent" as contemplated by the copyright statute must "transact[] some business for defendant within the jurisdiction."  *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 178, 43 S.Ct. 312, 67 L.Ed. 596 (1923); *see also Geo-Physical Maps, Inc. v. Toycraft Corp.*, 162 F. Supp. 141, 147 (S.D.N.Y. 1958) (nonparty who stated that he was a representative of defendant was not an agent when the facts did not establish that he was an agent of defendant or carrying on such activities on defendant's behalf which would subject it to jurisdiction).  The Supreme Court has held that even the president of a corporation is not an agent under the copyright statute in a jurisdiction where he does not represent the corporation. *Lumiere*, 261 U.S. at 178.

A defendant "may be found" in any district in which he is amenable to personal jurisdiction.  *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005); *accord Linzer v. EMI Blackwood Music, Inc.*, 904 F. Supp. 207, 215 (S.D.N.Y. 1995).  As established in the Motion and reiterated above, Sephora does not reside in this Judicial District and is not amenable to personal jurisdiction here.  Additionally, Plaintiff has not alleged that, for purposes of venue under Section 1400(a), Sephora's agent resides or may be found in New York.  Thus, because Plaintiff has failed to demonstrate that either Sephora or an agent of Sephora resides or may be found here, venue is not proper in the Eastern District of New York.

#### B.    A Supporting Affidavit Is Not Required On A Motion To Transfer Venue

Plaintiff incorrectly claims that Sephora's motion to transfer venue is defective because it is unsupported by declarations. But the facts relevant to transferring venue are all admitted by

Plaintiff in its TAC.  Plaintiff cannot make assertions in its TAC to be used by it as a sword, and then complain when a defendant seeks to use those very same allegations as a shield.

New York district courts routinely grant motions to transfer where the identities of anticipated witnesses and the nature of their testimony is apparent from the face of the plaintiff's own pleadings.  *See MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 CIV. 3310 (SWK), 2002 WL 31729626, at *4 (S.D.N.Y. Dec. 5, 2002) ("Even though defendants have not provided a list that identifies potential witnesses expected to be called to testify, the events giving rise to this action demonstrate that the vast majority of material witnesses are in Northern California and would therefore find it more convenient to testify in California than in New York."); *see also Citibank v. Transcon. Prods. & Servs., Inc.*, No. 98 Civ. 6889(RCC), 1999 WL 595658, at *2 (S.D.N.Y. Aug. 6, 1999) (even though party seeking transfer did not identify potential principal witnesses, the allegations of the complaint indicated that a substantial number of witnesses were located in the proposed transferee court).  The submission of an affidavit supporting a motion to transfer venue in this District is permissive, not mandatory.  *See, e.g.*, *Speedfit LLC v. Woodway USA, Inc.*, 53 F. Supp. 3d 561, 576 (E.D.N.Y. 2014) ("The party seeking transfer typically submits an affidavit listing 'the potential principal witnesses expected to be called and . . . the substance of their testimony'"); *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 350 (E.D.N.Y. 2012) ("Generally, the moving party submits an affidavit explaining why the transferee forum is more convenient, which includes the potential principal witnesses expected to be called and the substance of their testimony.") (emphasis added).

Sephora's Motion identifies California residents Signature, Sandler, and Ms. Kat Von D as material witnesses.  The identities of these witnesses, the nature of their anticipated testimony, and their location in California are all described within the four corners of Plaintiff's TAC and its voluminous attachments.

**C.  The Factors Weigh In Favor of Transfer**

Sephora's Motion makes a clear showing that transfer to the Central or Northern District of California is warranted in this dispute, as either transferee district would be more convenient

11

for witnesses and the interests of justice would be better served by trial there.  See *Zangiacomi v. Saunders*, 714 F. Supp. 658, 660 (S.D.N.Y. 1989). Applying the relevant factors to a motion to transfer analysis, it is clear that they overwhelmingly favor transferring venue to the Central or Northern District of California.  *Zaltz v JDATE*, 952 F. Supp. 2d 439, 458 (E.D.N.Y. 2013) (*citing Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 832 (S.D.N.Y. 2012)).

The plaintiff's choice of forum:  A plaintiff's choice of forum is typically given deference, but has reduced significance where the facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum.  *See* Motion at p. 14.  Though Plaintiff resides in this Judicial District, the alleged tort occurred in California, and Sephora and all material witnesses reside there.

The convenience of the witnesses and ability to compel attendance at trial:  The material witnesses to this litigation, all of whom are identified in the TAC, reside in California.  Plaintiff identifies two expected witnesses in its Opposition, but provides no evidence that their testimony is either relevant or necessary to this litigation, or that they possess personal knowledge of the facts underlying this dispute.  It is unclear whether Plaintiff has any first-hand information that these witnesses are competent to testify about some issue that is relevant to the litigation, or whether these are merely names that Plaintiff pulled off of a website.

Further, it appears that, for at least one of these "witnesses," the person's New York residence is immaterial to maintaining the action in New York.  If Ms. Lopez is in fact a current Sephora employee, as Plaintiff alleges, then her place of residence is immaterial to the appropriate venue.  "[E]mployees of the parties will as a practical matter be available in any venue by virtue of the employment relationship." *TM Claims Serv. A/S/O v. KLM Royal Dutch Airlines*, 143 F. Supp. 2d 402, 406 (S.D.N.Y. 2001).  In any event, the proposed testimony of Ms. Lopez and Ms. Tichman can best be provided by the person most knowledgeable about the relevant subject matter, who would be identified through discovery.  Given the location of Sephora's corporate headquarters, those witnesses are likely to reside in California.

Location of relevant documents and sources of proof:  It is clear from the TAC and Plaintiff's other pleadings that the bulk of what happened in this dispute occurred in California. Signature and Sandler (both of whose activities constitute the majority of events in the TAC as well as in the Garbarini and Cupolo Declarations that accompany Plaintiff's Opposition) reside and do business in California.  TAC, Ex. 5.  Further, any alleged actions by Sephora must have also necessarily taken place in California, as that is the location from which the corporation is operated, and it is the location where the only people identified in the TAC as being potentially involved in the purported infringement are to be found.

Convenience to parties:  As described in its Motion, Sephora anticipates raising counterclaims against Plaintiff (and the indispensable parties) that arise under California law.  A federal district court sitting in California is more familiar with the applicable state law than is a court sitting in New York.

The locus of operative facts:  While the TAC is clear that the facts giving rise to the dispute are connected to California, Plaintiff's Opposition suggests for the very first time that New York "very well may be the location of the creation of the SEPHORA advertisements." Opp. at p. 5.  But this speculation, without any supporting facts or evidence, does not move the nucleus of operative facts out of California.

## IV.  SIGNATURE TRACKS AND JONATHAN SANDLER ARE INDISPENSABLE PARTIES

It is well-established law that a purported copyright licensor is an indispensable party in an infringement action brought against the licensee by the copyright holder.  *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), *aff'd sub nom Lipton v. Nature Co.*, 71 F.3d 464 (2d Cir. 1995) (holding that sub-licensor was indispensable in a copyright infringement action because if he "were not a party to this suit, [the defendant] would face a strong likelihood of being subject to duplicative litigation and inconsistent judgments.")  "If a defendant in an infringement action raises as a defense a license from a third party, thereby raising as an issue the validity of the copyright held by such third party, it has been held that such third party is an

indispensable party in an action against the licensee." M. Nimmer & D. Nimmer, 3 Nimmer on Copyright, § 12.03 (2007).

Plaintiff includes allegations in its TAC that demonstrate Signature and Sandler are either copyright licensors, or may be licensors of the works at issue in the TAC.  The TAC alleges that Signature's representative "claimed Signature gave a license to Mr. Jonathan 'Yoni' Sandler for us of the Copyright Compositions in the Subject Videos."  TAC, ¶ 68; *see also* Garbarini Decl. Ex. 11 ("Also [Signature has] a long standing relationship with the client Yoni Sandler who edited the video we didn't send him a formal license it was a verbal deal we sent him an invoice which served as the license.") (emphasis added).  Signature represented to both Plaintiff and Sephora that it was a licensor of Yesh's copyrights.  Thus, as a licensor, Signature is an indispensable party.

Likewise, by Plaintiff's own admission, Sandler is an indispensable party.  The TAC anticipates that, as a defense to this action, Sephora may ask the Court to "accept the representation made by [Signature Track's] Mr. Malka in his September 26, 2010 email as true, to wit, Signature has a 'long standing relationship' with Yoni Sandler.  Then Sandler would have a blanket license."  TAC, ¶ 96. The raising of such a defense implicates the third party licensor as an indispensable party in an action against the licensee.  3 Nimmer on Copyright, § 12.03.

## V.  THE COURT SHOULD STRIKE THE TAC'S IMMATERIAL, IMPERTINENT, AND SCANDALOUS STATEMENTS

As an initial matter, the arguments raised in the Opposition lack legal support.  Plaintiff cites to the Federal Circuit's opinion in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc),[9] to assert that "the judge or jury considers all relevant facts."  Opp. at pp. 29-30.  It appears that the language to which Plaintiff may be alluding is in fact from the Federal Circuit's opinion in *WesternGeco LLC v. ION Geophysical Corp.*, stating that:  "district courts should

---

[9] The Federal Circuit's opinion was abrogated by the Supreme Court's holding in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923 (2016).

14

exercise their discretion . . . and consider <u>all relevant factors</u> in determining whether to award enhanced damages." 837 F.3d 1358, 1363 (Fed. Cir. 2016) (emphasis added). But, this legal discussion is unrelated to Plaintiff's use of the statements that Sephora seeks to have stricken from the TAC.

Sephora does not suggest that statements relevant to the claim at issue in the TAC should be stricken, but rather that, as demonstrated in the Motion, the statements in Paragraphs 26, 55, 106, 107, 110, and 114 have no relevance to this litigation and are immaterial or scandalous. Regarding Paragraph 26, containing inflammatory statements about Kat Von D, Plaintiff argues that "Defendant cannot advance the rights of third parties." Opp. at p. 27. But that argument is without merit because Plaintiff has elsewhere asserted that Ms. Von D is not merely a third party, but is actually Sephora's agent. TAC, ¶¶ 20, 35, 117. Further, whether or not Sephora withdrew the Subject Advertisements prior to October 22, 2014, and its motive for doing so, are irrelevant to the issue of whether Sephora used Plaintiff's works without a license. Rather, it is clear from the TAC and Plaintiff's Opposition that Paragraph 26 is nothing more than a smear tactic against Sephora and its purported agent.

Regarding Paragraph 55, Plaintiff does not explain how the immaterial and irrelevant assertion that "[t]he invoice produced by Defendant is a complete sham" is supportable by any evidence, much less by the evidence suggested in the Opposition (Mr. Sandler's and Signature Tracks' business websites and social media accounts). Opp. at p. 27. Nor does Plaintiff explain how the irrelevant and inflammatory statements in Paragraph 106 can be supported by admissible evidence. Similarly, Plaintiff does not explain what evidence would be admissible to support its conclusory and potentially prejudicial statements in Paragraph 107, or its plea to the Court in Paragraph 110. Finally, aside from broadly asserting that "[t]his recital is supported by admissible evidence," Opp. at p. 30, Plaintiff has identified no evidence (as none exists) to support the irrelevant and immaterial statements in Paragraph 114. For these reasons, and those articulated in Sephora's Motion, the Court should strike Paragraphs 26, 55, 106, 107, 110, and 114 of the TAC.

15

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Sephora respectfully requests that the Court dismiss the TAC in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, or pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to name indispensable parties.  In the alternative, should this Court not dismiss the TAC, Sephora requests that this Court transfer venue to either the Central or Northern District of California.  Finally, if the Court does retain jurisdiction, Sephora respectfully requests that it strike Paragraphs 26, 55, 106, 107, 110, and 114 to the TAC, pursuant to Federal Rule of Civil Procedure 12(f).

DATED: March 9, 2017                              SIDEMAN & BANCROFT LLP

By: _____

Louis P. Feuchtbaum
Attorneys for Defendant

16