

## GARBARINI FITZGERALD P.C.

250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

March 12, 2017

**VIA ECF**

Judge Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re.: *Yesh Music, LLC v. Sephora (USA), Inc.*, 16-cv-4913 (CBA)(RER)
Plaintiff's Request for a Pre-Motion Conference – Proposed Sur-Reply

Your Honor:

I represent the plaintiff and write pursuant to Your Honor's Ind. R. of Prac. 3(A), to request a pre-motion conference concerning plaintiff's proposed motion to file a two-page Sur-Reply. A Sur-Reply is necessary to address arguments made by defendant for the first time on Reply, and to correct egregious factual and legal errors made by defendant.

Defendant omits the facts that SEPHORA is a subsidiary of Louis Vuitton Moet Hennessy Inc. ("LVMH"). SEPHORA's New York office is located in the LVMH Tower located at 19 East 57th Street. SEPHORA is currently recruiting for its office at 19 East 57th St. LGCS, Inc., the company that issues SEPHORA's gift cards, is also located in the LVMH Tower. This is the SEPHORA Headquarters referred to on the SEPHORA website. Garbarini Decl. at Ex. 1. Defendant's denial is disingenuous.

Defendant argues for the first time that economic injury is insufficient to establish jurisdiction. Def. Reply at pg. 9. This question has already been answered in the affirmative by certified question to the New York Court of Appeals in *Penguin Group (USA) Inc. v. American Buddha*, 921 N.Y.S.2d 171,177 (N.Y. 2011). The Court of Appeals also noted the "harm to a plaintiff's property interest in copyright infringement cases has often been characterized as irreparable in light of possible market confusion. *Id*. at 306.

"Consequently, a plaintiff relying on this statute (CPLR § 302 (a)(3)) must show that (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that

CERTA BONUM CERTAMEN ◆ FIGHT THE GOOD FIGHT

act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce. Penguin Group (USA) Inc. v. American Buddha, 16 N.Y.3d 295, 302 (N.Y. 2011)

Defendant here committed a tort by synchronizing, reproducing, and distributing plaintiff's copyrighted recordings in California.  The claim of copyright infringement arose from those acts.  The injury was felt in Queens, where the plaintiff resides.  The defendant put the plaintiff's name on several advertisements, therefore it knew, or reasonably should have known, its acts would impact plaintiff here.  The defendant derives substantial revenue from interstate or international commerce. See Cupolo Decl. at ¶ 28.  This is sufficient for jurisdiction under CPLR § 32(a)(3).

At no time did plaintiff claim service on SEPHORA in New York is sufficient for jurisdiction.  Service on SEPHORA was made in Texas in this matter. (Dkt. No. 8).

Defendant incorrectly states CPLR § 302 (a)(1) is predicated solely on contract law.  The very case cited by defendant on this points holds, "[a]lthough § 302(a)(1) 'is typically invoked in breach of contract cases,' it may support personal jurisdiction over a defendant in an action that sounds 'in tort when supported by a sufficient showing of facts.'" *Yash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 U.S. Dist. LEXIS 116431, 2009 WL 4891764 (E.D.N.Y. Dec. 11, 2009)(citations omitted).

"To frame the jurisdictional inquiry in the internet context, courts 'have identified a spectrum of cases … At one end are cases where the defendant makes information available on what is essentially a 'passive' web site, . . . [which] does not without more justify the exercise of jurisdiction over the defendant . . ..  At the other end of the spectrum are cases in which the defendant clearly does business over the internet. . .." *Id*.  Defendant clearly does business over the internet. See Cupolo Decl. at ¶¶ 27-28.

Defendant also claims plaintiff has put forth no allegations of purposeful availment. Def. Reply at pg. 5.  Somehow defendant ignored plaintiff's allegations of the three New York Internet sales of the exact products offered in the subject advertisements. Cupolo Decl. at ¶¶ 11-26.  While CPLR § 302(1) can be predicated on a single internet sale; plaintiff further alleged that "Users from New York represent nearly 9% of the of the approximate $434,000,000 in SEPHORA's U.S. ecommerce sales." Cupolo Decl. at ¶ 28.  Even under defendant's incorrect legal position, SEPHORA directed its activities to New York.

Defendant's reliance on *Yash Raj Films (USA) Inc. v. Dishant.com LLC* is misplaced.  That matter involved a website that fell in the middle ground of the spectrum of interactivity, because it "allows, indeed invites, a level of interactivity that extends well beyond merely making information available to listeners -- e.g., users register, create and save playlists and

GARBARINI FITZGERALD P.C.
Page 3

download ringtones -- but defendants do not conduct traditional business over the internet because [they] neither sell[ ] goods or services through [their] website nor charge[ ] membership fees to [the site's] registered users."   Based on this, the Court denied jurisdiction under § 302 (a)(1).

Defendant's also states "Further, Plaintiff fails to make any factual allegations that the Subject Advertisements were actually uploaded or viewed in New York." Def. Reply at pg. 7. Defendant ignores TAC ¶¶ 19, 31, and 51, all of which allege the subject advertisements were played on in-store displays. See also Cupolo Decl. ¶ 3-6.

The above is addressed, word for word in the Sur-Reply, and plaintiff respectfully requests it be allowed to address the new legal arguments, and correct the record.

GARBARINI FITZGERALD P.C.

By:_____
Richard M. Garbarini

cc: ALL COUNSEL VIA ECF